## WILLIAM HOPKINS et al. *v.* JOHN G. PRATT & Co.

A shipment made under a contract, that the proceeds should be applied to reimburse advances made on it by the consignee, and to pay certain named creditors of the consignor, creates a right in favor of the consignee and those creditors on the proceeds, superior to that of an attaching creditor.

Intervenors, who sustain their pretensions, will not be entitled to recover counsel fees, where the attaching creditor, who resisted their claim, was in good faith prosecuting what he deemed a legal right.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Wolfe* and *Singleton*, for plaintiffs. *E. Rawle*, for intervenors. By the court:

ROST, J. The evidence satisfied the district judge that *Buchanan, Harrington & Co.*, in consideration of the consignment to them of the cotton in controversy, by *Jacob Barkman*, in the State of Arkansas, where the firm is established, advanced to him the amount claimed by them, and assumed to pay out of the proceeds of the cotton, the sums claimed by the intervenors, *M. D. Cooper & Co.* and *Slark, Day, Stauffer & Co.*; and we have no reason to doubt the correctness of the conclusions to which he came.

The plaintiffs' counsel objected to the parol evidence offered to prove the contract between *Barkman* and *Buchanan, Harrington & Co.*, on the ground that it appeared by the testimony of one of the witnesses, that there was an agreement, in writing, in relation to it. The written evidence here alluded to, is a receipt signed by *Barkman* in the receipt book of *Buchanan, Harrington & Co.*

The witness, *Lafayette Buchanan*, has annexed to his answers an exhibit, showing the cash advances made and the amounts assumed by *Buchanan, Harrington & Co*, and has stated in his testimony, that the receipt of *Barkman*, in the books of the firm, was for the cash advances made in pursuance to the verbal agreement. We do not understand the witness, *Hardy*, to state any thing more; his saying that the receipt corresponds with exhibit A annexed to *Lafayette Buchanan's* testimony, evidently means that it corresponds with it, so far as the cash advances are concerned. We are satisfied that there was no written contract, and that the evidence offered was the best that the nature of the case admitted of, and was, therefore, properly received.

The cotton was shipped to New Orleans, subject to that agreement, and the attachment levied upon it on its arrival here, cannot defeat the rights acquired by the intervenors. This case cannot be distinguished from that of *Oliver v.*

*Lake,* 3 Ann. 78. And under the authority of that case, the intervenors must be paid by preference, out of the proceeds of the cotton attached. We think there is error on that part of the judgment which allows them counsel fees. The plaintiffs sued out their attachment in the just exercise of their legal rights, and the judgment decrees to them the balance remaining, after satisfying the claims of the intervenors, of which they were probably ignorant. They acted in good faith and are not liable in damages. *Hill* v. *Noe,* 4 Ann. 304.

It is therefore decreed, that the judgment of the district court be amended, by striking therefrom the allowance of $75 to *Buchanan, Harrington & Co.;* $40 to *M. D. Cooper & Co.;* and $25 to *Slark, Day, Stauffer & Co.,* as counsel fees; and that, in other respects, the judgment be affirmed: the costs of the appeal to be paid by the intervenors.