No. 9431.

THE STATE EX REL. RAYMOND TERENCE VS. H. L. LAZARUS, JUDGE.

Courts have inherent power to punish for contempt and our Code of Practice has expressly
   conferred it, but a judge cannot assume or decide that a witness has sworn untruthfully
   and punish him for the perjury as a contempt.
Refusing to answer a question that a witness is bound to answer is contumacy and is pun-
   ishable as a contempt. Answering such question untruthfully is perjury, the punish-
   ment of which is remitted to the regular action of the criminal law.

APPLICATION for Certiorari.

*Joseph P. Hornor* and *Francis W. Baker* for the Relator.

Respondent *in propria persona.*

The opinion of the Court was delivered by

MANNING, J.   Raymond Terence was a witness in a cause on trial
before the respondent Judge, and was committed for contempt in this,
"that he refused to testify truthfully to the questions propounded to
him by counsel and by the court and this without leading him to accuse
himself of a crime." He was sentenced to imprisonment for thirty
days and to pay a fine of twenty-five dollars   He has obtained from
us a writ of certiorari under which the proceedings are now before us
for review.

That this writ may be used for the purpose for which it is now in-
voked was settled in the De Buys case, 32 Ann. 1256, which has since
been adhered to and has now passed beyond dispute.

The judge bases his action on art. 136 of the Code of Practice
wherein it is provided, if a witness refuse to answer any question put
to him except such as might lead him to accuse himself of a crime, the
court may fine and imprison him.

It is not charged or pretended that this witness refused to answer
any question of any kind.   On the contrary it is expressly alleged that
he did answer the questions put to him by the counsel and the court,
but that he did not answer them truthfully.

Refusing to answer a question that a witness is bound to answer is
contumacy and is punishable as a contempt.   Answering such question
untruthfully is perjury, the punishment of which is remitted to the
regular action of the criminal law through the established forms of
criminal proceedings, i. e. by indictment or information followed by a
trial.   An act may be at once a contempt of court and a violation of
the criminal law, for example an assault and battery committed in open

court would be punishable as a contempt and also by prosecution. The overt physical visible act distinguishes it from perjury.

The law gives to every judge the power to punish for contempt. It is necessary for the orderly police of the court, but to decide that the testimony of a witness is false and to inflict summary punishment upon him without a trial is repugnant to the orderly administration of justice and subversive of our ideas of right.

Where flagrant perjury has been committed, a *nisi prius* judge has not infrequently directed the attention of the prosecuting officer to the man and his offence and has even ordered his committal until the criminal machinery could be set in motion for his trial. But the respondent dispensed with any form of trial, determined the guilt of the offender without accuser or witness, and summarily punished him without an opportunity of defense.

It is therefore ordered and decreed that the order complained of by the relator is annulled and vacated.

## DISSENTING OPINION.

FENNER, J. This case differs from that of Kane just decided only in the particular that, while the order sentences the present relator to imprisonment for thirty days, it imposes upon him a fine of only twenty-five dollars.

For the reasons given in my dissenting opinion in that case, I think the order should be set aside in so far as the sentence of imprisonment is concerned.

But the fine is within the limits of the authority conferred by Art. 131 C. P., and if the action of the court is not invalid on other grounds, I see not why the order, to that extent, may not stand.

This raises the question whether the refusal of a witness "to answer truthfully" questions propounded to him, can constitute a punishable contempt of court.

Art. 131 C. P. confers upon judges of the district court "the power to punish *all* contempts of their authority by fine not exceeding fifty dollars and imprisonment not exceeding ten days."

It is not our province, in a *certiorari* proceeding, to review the facts of the particular case and pass upon the correctness of the judge's decision. The facts are not before us and we have no concern with them.

If refusal of a witness to "answer truthfully" questions propounded to him can, in any case, constitute a punishable contempt, we are bound to assume that the judge has correctly exercised the discretion.

confided in him, and not subject to our review, in deciding that such a case was presented here.

I cannot say that such refusal to "answer truthfully" might not, under circumstances easily conceivable, constitute a contempt. The object of courts of justice is to elicit truth. The plain duty of witnesses, confirmed by the oath administered to them, is to answer truthfully. The judge has the right to command and require the witness so to answer, and while we do not say that every perjury is to be treated as a contempt of court, yet perjury may be so impudent, flagrant and persistent, as to insult the dignity of the court, consume its time and embarrass its proceedings. Thus, suppose it were desired to elicit from the witness an answer as to some patent fact in order to make it appear on the record, and the witness should persist in making evasive and false answers, evidently known to be such by himself and by the judge, and, in despite of warning and command, should refuse to answer truthfully, would the judge be required to tolerate such effrontery and such trifling with his time and dignity?

Other cases might be supposed, in infinite variety, equally obnoxious, equally insulting to the dignity of the court, and obstructive of the decent and orderly administration of justice.

A judge has the right to protect his court against such unseemly conduct and that right is properly vindicated by the process for contempt.

We think the case falls within the authority of Wintz's case, 32 Ann. 1222.

I regret, beyond measure, that this Court has gone so far as to withdraw from inferior courts the salutary and essential power of protecting themselves against such abuses as I have indicated above.

I concur in that portion of the decree which annuls the imprisonment but dissent from that which releases the fine.