(35 South. 516.)

No. 14,479.

LOUISIANA SOC..FOR PREVENTION OF CRUELTY TO CHILDREN v. MOODY et al.

(June 23, 1903.)

APPEARANCE BOND—FORFEITURE—WHEN ALLOWED.

1. There can be no legal forfeiture of an appearance bond when the state has abandoned the prosecution.

2. Nor when the condition of the bond is that the accused is to appear when notified, and he has never been notified.

3. In cases of forfeiture, a strict adherence to legal direction is required.

Nicholls, C. J., and Blanchard, J., dissenting.

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Orleans.

Action by the Louisiana Society for the Prevention of Cruelty to Children against Thomas C. Moody and others. Judgment for defendants was affirmed by the court of appeal. Application by the society for certiorari or writ of review. Affirmed, and writ of review set aside.

See 45 La. Ann. 1394, 14 South. 422, 52 La. Ann. 1815, 28 South. 224.

F. Rivers Richardson, for applicant. Clegg & Quintero, for respondent H. C. Cage. Joseph Oscar Daspit, for respondent Thomas C. Moody.

PROVOSTY, J. We granted the writ of review in this case, not so much because of any error appearing on the face of the judgment complained of, as because it appeared to us that a surety on a forfeited appearance bond in a criminal case, to cover whose responsibility on the bond a deposit of money had been made, was escaping the payment of the bond by means of a defense purely technical. We thought, in the public interest, the papers in the case might as well be brought up and the matter again examined, notwithstanding that it appeared to have already had careful consideration by two courts. This further examination has but revealed the entire correctness of the judgment asked to be reviewed, which we now append and leave to speak for itself.

Judgment of Court of Appeal.

"Plaintiff sued on a forfeited appearance bond given for the sum of $500 to secure the appearance of the principal in said bond to answer a charge then pending against him in the recorder's court of the city of New Orleans.

"The suit is against the surety only, the principal being averred to be a fugitive from justice. The defenses may be stated thus: .

"(1) Unconstitutionality of the law under which the plaintiff sues.

"(2) That the bond is illegal because not authorized by law.

"(3) Abandonment of the prosecution against T. C. Moody.

"(4) The prescription of 6 months, and

"(5) The condition of the bond 'of giving notice' not having been fulfilled, there was no basis for the forfeiture.

"There was judgment in the lower court in favor of the defendant, and the plaintiff appeals.

"We find in the record a carefully prepared and well considered written opinion rendered by our esteemed Brother of the lower court. We have given it much consideration and the record due study, and, as we are of opinion that it fully covers the law and the facts in this case, we have concluded to reproduce it here, and adopt it as the opinion of this court. It is as follows:

" 'The first reason why the plaintiff society should not recover is that there is an entire failure as to the legal basis on which alone forfeiture could be declared.

" 'A second conclusive reason, in my judgment, why the plaintiff society should not recover the sum sued for, is that the state

has never prosecuted the principal on the bonds sued on.

" '(First) The affidavit of Mr. Sansum, alleged by plaintiff to be its "officers," charged said principal·on the bond with certain criminal acts committed on January 4, 1893, the affidavit bearing date January 16, 1893.

" 'The record of the recorder's court shows that the accused was arrested, pleaded not guilty, and was placed under $500 bond to appear before the recorder's court "when notified"; that the case was fixed for trial successively for January 31, 1893, and February 3, 1893, accused absent (it nowhere appearing that he was ever notified), and on the latter date the case was continued indefinitely; that the case was fixed for April 6, 1893, accused absent (no showing that he had been notified); "bondsman notified to produce accused in court April 18th; case continued to that date." On April 18th, case was called, and "accused called three times in and out of court, and, failing to respond, bond was declared forfeited, and turned over to the city attorney for collection April 18, 1893."

" 'Conceding the power of the recorder to put the accused under bond to appear before him, and conceding his power to decree the forfeiture (which may be questioned), it seems clear to me that it ought to appear by the record, or by proof otherwise, that the accused had been served with notice to appear for trial; for the bond in its conditions so recited, and it does not appear that the accused was ever at any time notified to appear for trial. It does appear that the surety was notified to produce his principal on April 18th, but it fails to show that the surety was called to produce him on that day.

" 'Rev. St. § 1032, requires not only the call of the. accused, but expressly requires that the surety be called to produce instanter, in open court, the "person of the accused." The recorder, it seems to me, ought to be held at least to equal formalities as in the criminal district court.

" 'It therefore appears that the recorder called the accused, but that he had not notified said accused as the bond required, and that, while he had notified the surety to produce the accused, he did not call the surety, in open court, to produce him. In cases of forfeiture, strict adherence to legal directions is required. The exact condition required by law for the forfeiture must be shown to have been strictly fulfilled, and, if these be not affirmatively shown, there is no legal basis for the declaration of the forfeiture.

" 'The accused was bonded to appear when notified, and he was never notified. The surety was notified, on April 6th, to produce the accused on April 18th, and on April 18th the surety was not called to produce him. I assume all this, because the record in criminal· matters must show all essential facts. Quod non apparet non est.

" 'I therefore hold that the basis for the forfeiture of the bond declared by the recorder was not laid. This record does not show the legal basis, nor does the proof aliunde in the case at bar show it. Plaintiff's sole reliance is the bond and the recorder's record, and the latter is fatally defective.

" 'On the second ground, i. e., that the state has never prosecuted the accused, the proof is that there is no prosecution against said accused either in the recorder's court or in the criminal district court. The records of these courts have been searched, and there has never been any action taken against said accused since the recorder declared the bond forfeited on April 18, 1893. By section 986, Rev. St., the prosecution has long since been barred by the prescription of one year, because no indictment or information has been presented or filed against him.

" 'It cannot be said that the said accused is a fugitive from justice. He resides in Texas, where he is a practicing physician.

" 'He has been in this city on several occasions. He could have been arrested, and, had he been indicted, the Governor's requisition could have reached him. To hold his surety harmless from this suit of the plaintiff society, he deposited with said surety the amount of the bond.

" 'When the affidavit was made, he was a medical student here in the University. There is every reason to believe that if he had received notice he would have appeared before the recorder.

" 'Dr. Challle's testimony recites his pursuit by the plaintiff society, and how his diploma, after the full course of study and a successful examination, was withheld on account of charges of immorality and crime preferred by the society, and how it was de-

livered to him as evidence of the degree conferred by the University, where he brought certificates showing that the state had lodged no indictment or information against him. There is no proof of any act on his part, after notice given, evincing any evasion or disposition to evade. He was not notified to appear for trial, and no prosecution for crime has been lodged against him, and eight years have passed since the affidavit was made, and since the law officers of the state had information that this charge had been preferred against him.

" 'As he is not a fugitive from justice, nothing but an indictment or information could stay the current of prescription.

" 'The state has not prosecuted, and it is too late to prosecute now. Abandonment of the charge (preferred the affidavit the officer of the plaintiff society) by the society itself, and the state having never prosecuted, the bond has lost its vitality, and fell with the prosecution, of which it was a mere incident and auxiliary, for its forfeiture was never legally declared.

" 'Because of this abandonment of the prosecution, and because the legal prerequisites sine qua non for the declaration of forfeiture in the recorder's court were never observed or fulfilled, the recorder's declaration of forfeiture being a mere nullity, and affording no basis for the claim of the plaintiff society, it seems to me, the plaintiff must fail.

" 'This is my judgment on the merits of the case—the merits as between the plaintiff and the defendant surety, and also as between the plaintiff and the intervener. "Only the surety is sued by the plaintiff."

" 'The fact that intervener deposited $500 with defendant as his surety to hold him (the surety) harmless if this suit should go against the latter does not cut the surety off from his legal defense, for by one Code and jurisprudence the surety can invoke any defense available for his principal. So the principal, as intervener, had standing to intervene to prevent his funds from going into plaintiff's hands, and there is no complication resulting from this deposit.

" 'Judgment for defendant and interveners against the plaintiff.' "

For the reasons expressed in the above judgment, it is ordered, adjudged, and decreed that the judgment of the court of appeal be affirmed, and that the writ of review herein granted be now set aside at the cost of the relator.

NICHOLLS, C. J., and BLANCHARD, J., dissent. For opinion of BLANCHARD, J., see 35 South. 518.

On Rehearing.

(Dec. 14, 1903.)

BREAUX, J. Counsel for plaintiff in this proceeding has filed an application for rehearing in which he alleges, inter alia: That "Mr. Justice Frank A. Monroe was and is incompetent to sit upon and adjudicate this cause as he did, in that he was the judge of the civil district court, Division C, who first decided this cause adversely to the plaintiff, in suit No. 28,992, civil district court, in evidence herein."

This statement is not borne out by the facts, which are as follows: In 1893, a suit was brought in the civil district court by plaintiff against the surety upon a bond which was given by Thos. C. Moody to secure his appearance before the Second Recorder's Court to answer a criminal charge, which bond had been declared forfeited. That suit, falling by allotment to Judge (now Mr. Justice) Monroe, then presiding over Division C of the civil district court, was dismissed by him upon an exception to the jurisdiction of the court. From the judgment so rendered an appeal was taken to this court, which was dismissed for want of jurisdiction (Society v. Cage, 45 La. Ann. 1394, 14 South. 422), and another appeal was taken to the court of appeal, which was dismissed for other reasons.

Thereafter the General Assembly passed Act No. 60, p. 70, of 1894, conferring upon the plaintiff the right to recover upon forfeited bonds in prosecutions instituted or conducted by it, and, to quote the language of the counsel's brief, "under this act a new suit was filed," probably, in 1894 or 1895, which was allotted to Division A, presided over by Judge Ellis, who dismissed it on a plea of res judicata. The judgment so rendered was, however, reversed by the court of appeal. The case, having been remanded, was for the first time put at issue on the merits.

Quoting again from the brief filed in support of the present application: "To this suit of plaintiffs, thus, at last, put at issue, the defendant pleads that the act under which plaintiff sued was violative of articles 46, 48, 56, 155, of the Constitution of 1879."

This plea, it seems, was sustained, but upon appeal to this court the judgment appealed from was reversed, and the case was remanded to be tried upon the merits. La. Society, etc., v. Moody, 52 La. Ann. 1815, 28 South. 224. After, or before, the trial which followed in the district court, Moody, the principal on the bond, intervened, and there was judgment on the merits in favor of the defendant and intervener, which was affirmed on appeal to the court of appeal. It is this last judgment of the court of appeal which has been made the subject of review in this proceeding.

It will thus be seen that the present suit, decided by Judge Ellis and the court of appeal, is a distinct suit from that decided by Judge Monroe; that it was filed under the authority of a statute enacted after that suit had been decided; that there were different parties before the court; and, finally, that the question of jurisdiction, which alone was presented to and determined by Judge Monroe, was not an issue in the present suit, which was decided upon its merits, and upon issues which were never raised in the former suit.

MONROE, J., takes no part.