Statement of the Case.
MONROE, J.
This is an application for the review of a judgment rendered by the Court of Appeal, parish of Orleans:
The applicant obtained judgment against the defendant for $1,200, and garnished the treasurer of the city of New Orleans, who answered as follows: “I will answer the three interrogatories'propounded to me in one reply: The city council on March 18. 1901, adopted an ordinance appropriating certain funds to W. J. Commerford, which was signed by the mayor on March 21, 1902, ánd now bears the number 1,161, N. C. S. I annex hereto, and make part hereof, a certified copy of said ordinance, which speaks for itself. The ordinance was promulgated in the official journal on March 25, 1902, but up to the present time the board of liquidation has not approved it as required under the terms of the ordinance. On March 19, at the hour of 10 a. m., notice was served on the comptroller of the city of New Orleans by Armaud Preau that all the rights of W. I. Commerford under the ordinance in question had been assigned to him. The garnishment herein issued was served on the city treasurer at the hour of 11:25 a. m. of the same day.” This answer was amended, in a manner that is immaterial here, and the plaintiff filed a rule to traverse, but abandoned the same, and made a seizure in the hands of the city of Commerford’s rights or claim, and advertised the same for sale. Thereupon Armand Preau filed a third opposition, in which he alleges that he is, and was at the time said seizure was made, legally in full possession of the said property, rights, etc., so seized, as the owner thereof, by virtue of a valid assignment and transfer thereof made to him by the said W. J. Commerford for valuable considerations received by him from petitioner, which transfer had been duly notified to the city of New Orleans, through the proper officer, before any seizure thereof had been made or attempted herein; and he prayed that the seizure be enjoined, and that he be decreed the owner of the claim. To this the seizing creditor filed certain exceptions, which need not be here considered, and answered, denying that the opponent was the owner of the claim seized, or that it had ever been validly transferred to him, or that the city had ever been noti *709 fied of any such transfer. Upon the trial it appeared that whilst Commerford’s claim was pending, and long before the ordinance providing for its payment was adopted, he owed to the opponent $148.15; to F. C. Zacharie, $794; to Charles J. Hauer, $50; to M. M. Pokorny, $35; and to W. H. Rothschild, $26 — - and that he had given to the four last named orders for the amounts due them, respectively, upon the opponent, who received and held the same with the understanding that he was to collect the amount which might eventually be appropriated by the city in satisfaction of the claim in question, and, after deducting the amount due to himself, devote the balance to the payment of said orders. On March 18, 1902, the city council passed an ordinance appropriating $814 (being somewhat less than the amount expected) to the payment of Commerford’s claim, and on the same day, agreeably to the understanding to which we have referred, Preau placed his acceptance, in writing, upon the orders mentioned, in the following form: “The order on the reverse hereof is accepted by me and payable when X collect the money due to Mr. W. J. Oommerford by the City of New Orleans, as transferee of his claim against the said city, after deducting his indebtedness to me. N. O. La March 18, 1902. [Signed] Armand Preau, Transferee.”
On the following morning, March 19th, Oommerford made a written assignment of his claim to Preau, which the latter delivered to the city comptroller at or before 10 o’clock, and thereafter, at 11:25 o’clock, the garnishment process was served on the city treasurer, as stated in the answer herein filed by that officer. City Ordinance No. 2066, A. S., provides: “Sec. 2. * * * That salaries, wages, or other claims against the city may be transferred by any person owning or holding the same provided an instrument of transfer or assignment be filed in the department of public accounts. Sec. 3. * * * That, on the filing of a transfer or assignment in the department of public accounts, of any valid claim, the administrator of said department shall immediately note the transfer on the proper pay roll, if said transfer be for salary or wages, and all other transfers in the proper book of said department, and the entry of the transfer, whether on the pay rolls of the book, shall be made in the presence of the transferee, if he requires it.” The city comptroller, who, under the present system, is the administrator of the department of public accounts, testifies that he made a note of the transfer to Preau, and of the hour at which the instrument was delivered to him, hut did not make the entry in the book referred to in the section 2 above quoted, for the reason that he understood that there would be a garnishment, and that in such cases it is customary for his department to await the action of the courts before making such entry. Preau gave such testimony as the following:
“I gave Mr. Oommerford my money on this claim. What he owes me now is $148.-15.” Being asked if there was any other consideration moving from him to Oommerford, he replied “that in case I got my money — what was coming to me — if it was above my claim, I would give them the money. There was Mr. Hauer, Mr. Zacharie, Mr. Pokorny, and some other name, of a man in Canal street. Q. Mr, Rothschild? A. Tes, sir. * * * I accepted the drafts, as I stated before, with the understanding that, in case the city paid me, I would turn over to them whatever was left after deducting my account.” On cross-examination he was asked: “Did you buy this claim from Mr. Oommerford, or did he give it to you to secure your claim?” To which he replied: “He only gave it to me to secure my claim. He put them in afterwards. Pie asked me, when the transfer would be made, would I accept these [referring to the orders in favor of Zacharie et al.], and I told him that, after the council passecj. the ordinance, to come in, *711 and I would accept them. * * * Q. You never bought the claim from Mr. Commerford? A. No; only he owes me my money. Q. This is to secure your claim? A. Yes, sir; to secure my honest claim. That is all.” Later in the trial he was recalled and asked: “Mr. Preau, I understand that you are reported as having stated yesterday, in answer to a question propounded by Mr. Hart on cross-examination, that you did not now have any ownership of this claim. If so reported, do you desire to make any explanation of that answer?” This was followed by some objections and statements which are immaterial for present purposes.
Without doing violence to the context or to the sense of the testimony, we excerpt the following as fairly representing the idea which the witness intended to convey in his answer, to wit: “Well, I suppose I must be the owner. The only way that I can feel that I am the owner is by what I took up, as I told them I felt that I was responsible, and I feel that I am responsible, for those orders until the thing is settled. * * * Q. What do you consider your title to this claim to be? A. I expect my money to be paid to me, and whatever money is left afterwards I expect to pay them,” etc. It is shown beyond dispute that the arrangement as testified to by Preau was concurred in by Commerford, Zacharie, et al.
There was judgment in the district court in favor of the opponent for the $148.15 claimed by him, and maintaining the injunction to that extent, but dismissing the opposition quoad the balance of the claim seized; and, the opponent having appealed, the plaintiff answered, praying that the judgment be amended and that the opposition be dismissed. The Oourt of Appeal held, however, that the contract between Preau, Commerford, Zacharie et al. was in the nature of a dation en paiement from Commerford to Preau, with a stipulation pour autrui in favor of, and accepted by, Zacharie et al., and maintained the opposition in accordance with the prayer thereof, and it is this judgment that has been brought up for review.
Opinion.
The contentions of the seizing creditor, applicant herein, as authorized by his pleadings and as presented in the courts below, are (1) that the opposition and injunction are predicated upon the allegation that the opponent is the owner of the property seized, and that the case should be confined to the issue of ownership vel non; (2) that the transfer of the claim was incomplete, because notice was not served on the mayor, and because, if the comptroller be considered the proper officer, he failed to enter the transfer in the book provided for that purpose; (3) that the transaction between the parties was only intended as a conditional pledge of the claim due by the city of New Orleans, and was invalid as a pledge by reason of noneompliance with the conditions required by law; (4) that a pledgee has no right to enjoin the seizure of the pledged property.
The defendant, Commerford, was the owner of an incorporeal right, i. e., a claim for $814 against the-city of New Orleans, which was transferable by assignment and notice to the debtor. He assigned the claim to the opponent, who gave notice thereof to the officer designated by the city to receive such notices. Pretermitting the question of the capacity of the officer, the assignment, to all appearance, was complete, and the opponent became the owner of the claim. At the instance of a creditor of the assignor, we, however, inquire beneath the surface, and find that the assignor owed the assignee $148.15; that he owed other persons different amounts, aggregating $805; and that the claim against the city was assigned to the opponent in payment of the debt due him, and upon the further condition and consideration that he should devote the balance to be collected, pro tanto, to the payment of the
*713 debts due to the assignor’s other creditors, íd whose favor, to that extent, the opponent bound himself by written contracts. It seems clear to us, under these circumstances, that the legal title to the entire claim vested in the opponent, and that the equitable title thereto, in so far as the claim, when satisfied, should realize an amount exceeding that required to pay his debt, vested in the other parties to the contract, for whose benefit, to that extent, the legal title was accepted by him. “Ownership is divided into perfect and imperfect. Ownership is perfect when it is perpetual. * * * Ownership is imperfect •when it is terminable at will, or on a condition, or at a certain time.” Civ. Code, art. 490. Quoad such proportion of the claim in question as was needed to pay the debt due to the opponent, his ownership was perfect, being perpetual and unincumbered by conditions. Quoad the remaining interest in the claim, his ownership was imperfect, in that it was subject to the condition that such remaining interest should, upon the payment of the claim by the city, be surrendered to the holders of the équitable title in satisfaction of the debts due them. In form, if the notice to the city be sufficient, the contract under consideration is one whereby a perfect title to the entire claim vested in the opponent. As a matter of intention, whilst the opponent became the owner of the entire claim, his ownership was perfect as to part, and imperfect as to the remaining interest, but the imperfection is cured, for the purposes of this case, since he is entitled to hold the property for the satisfaction of the obligations assumed by him with respect to that interest, and the assignor having parted irrevocably with the title, both legal and equitable, and having lost control of the property, it is no longer subject to attachment at the suit of his creditors. Babcock v. Malbie, 7 Mart. (N. S.) 137; Bank of St. Mary v. Morton, 12 Rob. 409; Oliver v. Lake, 3 La. Ann. 78; Hopkins v. Pratt & Co., 7 La. Ann. 336; Hill, McLean & Co. v. Simpson, 8 La. Ann. 45; Cammack v. Floyd, 10 La. Ann. 351; Flash, Lewis & Co. v. Schwabacker & Co., 32 La, Ann. 356; Davenport, Tutrix, v. Adler & Co. et al., 52 La. Ann. 264, 26 South. 836.
As to the notice of the assignment, whilst it is, no doubt, true that legal process should be served on the mayor or other officer designated by the charter of a municipal corporation, we can perceive no sufficient reason why such corporation, as a matter of convenience to itself, may not designate a particular officer to receive notices of assignments of salaries and claims; nor do we find anything in the ordinance hereinbefore quoted, so designating the administrator of the department of public accounts of the city of New Orleans, from which it can be deduced that the sufficiency of the notice is dependent upon the disposition which that officer may make of it. Any notice to the debtor is sufficient. No particular form and specific instrument in writing is required in the assignment or transfer of debts. Gray v. Trafton et al., 12 Mart. (O. S.) 702.
Counsel for the applicant devote a good deal of their attention to the discussion of the assignment in question as affected by the supposed insolvency of the debtor, Commerford, but no such issue is suggested by the pleadings, nor, so far as we can discover from the briefs which we find in the record, and to which we are referred, was any^uch issue raised in argument either in the district court or the Court of Appeal. It cannot, therefore, be here considered. Airey & Co. v. Okolona Sav. Inst., 33 La. Ann. 1346; Ker v. Ker, 42 La. Ann. 870, 8 South. 595; State ex rel. Bank v. Judges, 50 La. Ann. 26, 22 South. 972; De Grilleau v. Boehm, 106 La. 472, 31 South. 74.
Our learned Brethren of the Court of Appeal, in an able and exhaustive opinion, have given a name which seems to us to be the correct one to the contract which the oppo *715 went sets up, but whether that contract be called a “dation en paiement coupled with a stipulation pour autrui,” or be left innominate, we find in it nothing illegal or immoral, and we are of opinion that it should be enforced, as made.
It is therefore ordered, adjudged, and decreed that this proceeding be dismissed at the cost of the applicant.