———o———

## 5114.

### (Court of Appeal, Parish of Orleans).

## ALEXANDER L. RILEY vs. WINNFIELD W. GAUCHE.

1. Where the owner of a claim for money assigns the same to another who notified the debtor, the assignment is complete. The assignee becomes the owner of the claim and the assignor is divested of his title.
2. The rights of the parties are fixed by the notice of assignment given by the assignee to the debtor, and the resulting *status* cannot be set aside subsequently, except by the consent of all parties in interest.

Appeal from the Civil District Court, Division "D."

R. H. Marr, for plaintiff and appellee.

Jas. J. McLoughlin, for defendant and appellant.

DUFOUR, J.—The defendant made a contract with the Metropolitan Building Co., to build for him an apartment house, and, as security for the payment of the

sub-contract and material men, deposited with the company the sum of $3,500, in mortgage notes.

The plaintiff, who was one of these sub-contractors, was also employed by Gauche to erect a gallery and a boiler house on Gauche's premises and he now sues to recover the price.

The defense is that, by agreement of all parties, Gauche was to deposit and did deposit with the building company an amount sufficient to pay Riley.

There is a conflict of evidence as to whether any such agreement was made, and as to whether the extra work done by Riley was intended to be covered by the security given.

We do not deem it necessary to a conclusion to discuss the matter.

The record contains the following letter, which, in our judgment, affords the key to the solution of the controversy:

"New Orleans, La., Dec. 12, 1908.

"Mr. W. W. Gauche, City.

"Dear sir.—We beg to advise you that we hold an order upon you of A. L. Riley for two hundred and ten dollars, due him by you for work and material applied at the Prytania Apartment House. This amount we will deduct from the balance due you by us.

"Yours truly,

"Metropolitan Building Association."

Riley admits that he sent the Metropolitan Company an order on Gauche for $210, "to collect and take it for my (Riley's) account" and it appears that, at the time, Riley was indebted to the company, and that the company owed Gauche, a sum in excess of $210.

It is not disputed that Gauche received the letter notifying him of the assignment to the company of Riley's claim against him.

Where the owner of a claim for money assigns the same to another who notifies the debtor, the assignment is complete. The assignor is divested of his title.

The rights of the parties are fixed by the notice of assignment given by the assignee to the debtor, and the resulting status cannot be set aside subsequently, except by the consent of all parties in interest

Civil Code, 2613; 12 R. 412; 112 La. 706.

We need not, therefore, concern ourselves with subsequent events or with future possibilities.

This case ends with the finding that the plaintiff has ceased to be owner of the claim; Gauche is no longer his debtor.

Judgment reversed and plaintiff's demand rejected at his costs in both courts.

December 5, 1910.

Rehearing refused, December 19, 1910.