SOMMERVILLE, J.
This is a suit by a principal against its agent for damages resulting from an alleged failure on the part of the agent to perform a certain duty.
There was judgment in favor of the plaintiff in the Court of Appeals, and we are asked by defendant to review that judgment.
The sole ground, as stated by the relator in his petition to this court, is that the decision of that court contradicts section 22 of Act 105 of 1898.
Respondent moves to dismiss the application on the ground that the petition is not sworn to, and on the further ground that this court cannot correct an alleged error in the Court of Appeals concerning a matter which that court did not pass, and could not have passed, upon in the cause.
[1] Act 191 of 1898, p. 436, provides that “the petition shall be sworn to,” etc., on an application to this court for writs of certiorari and review. The petition in this case is sworn to by an attorney at law, who represents himself to be the attorney of the relator, although he is not the attorney of record in the district court or the Court of Appeals. In the absence of an affidavit to the contrary, we will assume that he is the attorney of relator, as he represents himself to be.
But as the law provides that the petition shall be sworn to, we hold that the petition must be sworn to by one of the parties to the litigation, if he is present in the parish. We are constrained to thus construe the statute in the absence of a provision that the petition may be sworn to “by the attorney of record.” We are without authority to add anything to the statute.
We shall not dismiss the application for the writ on this ground, as it is the first time that the point has been raised; and counsel may have followed precedents set in other cases where no objections were raised to the affidavit of the attorney.
The next ground for dismissing the application, that the decision of the Court of Appeals contradicts section 22 of Act 105 of 1898, will prevail.
Section 22 of Act No. 105 of 1898, p. 151, is as follows:
*414 “No fire insurance company shall issue fire insurance policies on property in this state other than those which shall conform to the requirements of the New York Standard Form of fire insurance policies.”
And the New York Standard fire insurance policy provides in part, as follows:
“This policy shall be canceled at any time at the request of the insured; or by the company by giving five days’ notice of such cancellation.”
Relator argues that his failure to cancel the policy under instructions from his principal could have worked no injury to his principal for the reason that the fire which destroyed the property insured occurred within five days after he, the agent, received notice from the insurance company to cancel said policy.
[2] This is a new defense, and presented for the first time in the application for a new trial in the Court of Appeals. The record discloses that no such defense was set up in the pleadings, or argued on the brief filed in the cause, or passed upon by the courts which have heretofore acted in this ease. As the issue was not raised in the district court or on the pleadings in the Court of Appeals, it cannot be considered here. Sintes v. Commerford, 112 La. 706, 36 South. 656, and the authorities 'there cited.
. The order granting the writ is now recalled, and the application of relator is denied, at his cost.