(63 South. 855.)

No. 20,259.

DANCE–JONES LUMBER CO. v. KATZEN-STEIN et al.

In re KATZENSTEIN et al.

(Dec. 15, 1913.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 1082*)—SCOPE OF REVIEW—PRESENTATION BELOW.

The Supreme Court, in reviewing the judgment of a Court of Appeals, will not pass upon any question which has not been presented in the district court or Court of Appeals for decision.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1133–1136, 4270, 4281–4284, 4289–4292; Dec. Dig. § 1082.*]

2. MECHANICS' LIENS (§ 229*)—LIABILITY OF OWNER—FAILURE TO RECORD BOND.

Under Act No. 180 of 1894, p. 223, as amended by Act No. 123 of 1896, p. 179, in cities of over 10,000 inhabitants, "relative to contracts for buildings and the security of workmen and furnishers of material," it is necessary for the owner, to protect himself from the pursuit of workmen and materialmen, in contracts of $1,000 and over, to take a good and solvent bond in favor of the workmen, mechanics, laborers, and materialmen, which bond, together with the contract, shall be recorded by him in the mortgage office.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 229.*]

Action by the Dance-Jones Lumber Company against Jacob Katzenstein and others. A judgment for plaintiff was affirmed by the Court of Appeals, and defendants apply for certiorari or writ of review. Affirmed.

Alexander & Wilkinson, of Shreveport, for applicants. Joseph H. Levy, of Shreveport, for respondent.

SOMMERVILLE, J. Plaintiff sues defendants, as owners of certain buildings erected by a building contractor, for lumber furnished by it to the contractor for said houses, and for the pay rolls paid by it for work done there, under a written building contract. The ground upon which defendants, owners, were sued was that they had failed to register the bond taken by them from the contractor for the security of materialmen and workmen. There was judgment in favor of plaintiff, and it was affirmed by the Court of Appeals.

Defendants now invoke the supervisory jurisdiction of this court, and ask for a reversal of the judgment of the Court of Appeals.

[1] Defendants allege as errors on the part of the said court:

(1) "It appearing that the president and secretary of the Dance-Jones Lumber Company were sureties on the contractor's bond for the payment of laborers and materialmen, it was error to hold that said Dance-Jones Lumber Company could recover from the owners, the defendants, in this case, simply and solely because said bond had not been recorded, as the president and secretary of the said plaintiff had full notice of the existence, and terms, and conditions of said bond, and no registry thereof was necessary as to their corporation. (2) The court erred in holding in any event that the Dance-Jones Lumber Company could recover for the wages of laborers paid by them, with a lien and privilege on the buildings constructed, without showing that it was expressly subrogated to the rights and actions of said laborers, and without showing a special subrogation and transfer to them of the laborers' claims."

. We decline to pass upon the second alleged error, for the reason that it does not appear to have been submitted to and passed upon by the district court or the Court of Appeals. A careful examination of the record shows that the plaintiff made claim for wages of laborers paid by it, and the evidence shows that, before filing answer, defendants had the labor rolls carefully examined and reported upon, and, in their answer, they allege that the plaintiff "fraudulently proceeded to pad its said account both for lumber and the labor that it claims to have paid thereon, and defendants deny that the plaintiff furnished any such lumber or the amount stated, or that it paid any such laborers or the amounts stated, and defendants aver that its said claims are padded, fictitious, fraudulent, and not due it." The pay rolls were offered in evidence by plaintiff, without objection on the part of defendants, and the evidence on

behalf of defendants shows that the contractor was paid by checks issued by defendants themselves, in the presence of one of the officers of the plaintiff company, and that most of these checks were immediately turned over to said company by the contractor. The question of the subrogation by the laborers to plaintiff was not a question in the case at any time, as shown by the record, until the brief in support of the application for rehearing was filed in the Court of Appeals. The application for rehearing itself did not mention the subject of subrogation, or allege any error in the judgment of the court with reference thereto. In refusing the application for rehearing, the Court of Appeals say:

"We are now asked to pass upon a question which has never been presented to the lower court or this court."

And, defendants, on their brief in this court, in support of the application for writs of certiorari and review, state that "it is true that we did not assert the want of subrogation in the original argument before the Court of Appeals"; neither the district court nor the Court of Appeals had been asked to pass upon the point, and, not having passed upon the same, it is not before us for review. Sintes v. Commerford, 112 La. 706, 36 South. 656.

[2] We shall now consider the first alleged error complained of by the defendants to the effect that:

"It was error (for the Court of Appeals) to hold that plaintiff, said Dance-Jones Lumber Company, could recover from the owner, the defendants in this case, simply and solely because said bond had not been recorded, as the president and secretary of the said plaintiff had full notice of the different terms and conditions of said bond, and no registry thereof was necessary as to their corporation."

Defendants urge that plaintiff was surety on the bond given to them by the building contractor. But an examination of the bond, which is in the original in the record, shows that the plaintiff was not a party, it is not mentioned therein, and its name is not signed thereto. The bond is made and signed by the contractor, and S. B. Jones and H. P. Dance, sureties, and in favor of defendants. And in their answer in reconvention defendants pray for judgment against the sureties on the bond, as follows:

"That the said H. P. Dance and S. B. Jones be cited and served in warranty to defend this suit; that the demands of the plaintiff be rejected at its cost, but, in the event of its recovery, then for judgment against said Dance and Jones in solido for said amount and for costs and general relief."

That plaintiff was a party to the bond is contradicted, not only by the bond itself, but by the evidence of H. P. Dance and S. B. Jones, who testify that they signed in their individual capacities as sureties, because defendants refused to accept the plaintiff corporation as surety. These two witnesses were officers of the plaintiff company; but corporations are intellectual beings, different and distinct from all the persons who compose them. C. C. 435.

It may be true that knowledge of officers of a corporation is knowledge by the corporation itself. But such knowledge on the part of the corporation, that is, that defendants, the owners of the buildings, had been given a bond for the security of laborers and materialmen, will not affect the corporation as a furnisher of materials. Such knowledge does not relieve the owners from the statutory obligation to register the bond to protect themselves from the claims of laborers and materialmen. This is not a suit on the bond. This is a suit by a furnisher of materials where no bond was taken, or, if taken, was not recorded in the mortgage office, together with the building contract.

Act No. 180 of 1894, p. 223, "relative to contracts for buildings and security of workmen and furnishers of material," provides that contracts for $1,000 or over, in cities of over 10,000 inhabitants, should be secured by

builders giving a "good and solvent security to the full amount of the contract for the payment of all the workmen, mechanics and laborers and all those who furnish materials and supplies actually used in the building, and each workman, laborer, mechanic and furnisher of materials shall have his individual right of action against the said security, and should the owner fail to require of the contractor such good and solvent security and to record the contract, with the bond and security, in the mortgage office, * * * such owner shall be personally liable for all balances due to the workmen, laborers and furnishers of materials used in the building, and they shall have a privilege on the land and building if they record their sworn bills whether the original contract is recorded or not," etc.

Defendants failed to record their building contract and the bond given by the contractors. They are therefore liable to the materialmen and workmen for the balance due them on the buildings belonging to them, and erected by the contractors.

This statutory bond is given for the benefit of the workmen, mechanics and laborers and all those who furnish materials and supplies actually used in the building, and each workman, laborer, mechanic and furnisher of materials has his individual right of action against the surety, and the owner is relieved from responsibility where he complies with the law and takes a bond and records it in the mortgage office. But, "should the owner fail to require of the contractor such good and solvent surety and to record the contract, with the bond as security, in the mortgage office, such owner shall be personally liable for all amounts due to workmen, mechanics, laborers and furnishers of materials used in the building." The registry provided for in Act No. 180, 1894, p. 223, is not intended only to give notice to workmen, mechanics, laborers, and materialmen that a bond has been given for their protection, but it is also required to be registered by the owner for his protection from all liability under the building contract, beyond the amount which may be due by him to the contractor.

Defendants argue that "the only purpose to be subserved by the registry of the bond in question would have been to give notice to the furnisher of materials of its terms and existence." But there is another purpose subserved by the registry of the bond, when it gives to the owner of the building protection from the claims of workmen and materialmen. It might well be that a materialman, knowing of the existence of the bond, might proceed thereupon for the collection of the amount due him thereunder, and, if unsuccessful, he might proceed then against the owner, as the owner had not protected himself by registering the bond, which registry, the law provides, will protect him from the pursuit of the materialmen and workmen.

The order herein issued is recalled, and the judgment of the Court of Appeals is affirmed, with costs.