### No. 8713.

### Orleans Appeal.

## AMERICAN-LIBERTY BANK & TRUST CO. v. SUN CO.

(November 3, 1924, Opinion and Decree.)
(November 17, 1924, Rehearing Refused.)
(January 6, 1925, Decree Supreme Court Writ of *Certiorari* and Review Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Sales, Par. 191 Alienation, Par. 16.**

The failure of the debtor to qualify its acceptance of the transfer which a creditor has made of his rights to a third person precludes the debtor from opposing to the transferee the compensation it might have opposed to its creditor. This is true where the transferee is the agent of and charged with the distribution to certain principals of the avails of the debt transferred.

(Civil Code, Art. 2212—Editor's Note.)

Appeal from Civil District Court, Parish of Orleans, Division "E", Honorable Wynne G. Rogers, Judge.

This is a suit to recover certain rentals which had been assigned.

Judgment for plaintiff and defendant appealed.

Judgment affirmed.

Lazarus, Michel & Lazarus, Herbert S. Weil, attorneys for plaintiff and appellee.

Donaldson Caffery, attorney for defendant and appellant.

WESTERFIELD, J. The Liberty Bank & Trust Company sues herein, as the assignee of the Pelican Co-operative Oil Company, Inc., for certain rentals which it alleged were due by the Sun Company, under a lease made by the Pelican Co-operative Oil Company, Inc., to the Sun Company.

The Sun Company answered the plaintiff's petition by denying that there had been any valid assignment, and by denying, particularly, that the assignment had any validity as against it, the Sun Company, for the reason, first, that the contract of lease had been violated by the Pelican Co-operative Oil Company, Inc., in that said Company had not installed a switch which the contract of lease obliged it to install, and, second, for the reason that the Pelican Co-operative Oil Company, Inc., owed the Sun Company, on open account, more than the amount of the rentals, hence there was nothing due to the Pelican Co-operative Oil Company, the lessor, or to the Liberty Bank, the lessor's assignee.

There was judgment in the lower Court in favor of plaintiff, as prayed for, and the defendant, Sun Company, has taken this appeal.

The fact that plaintiff's assignor was indebted to defendant in a sum sufficient to compensate the debt is not seriously disputed. The sole question is, can this defense be urged against plaintiff in view of the first section of Article 2212 R. C. C. reading as follows:

"The debtor, who has accepted purely and simply the transfer which a creditor has made of his rights to a third person, can no longer oppose to the latter the compensation which, before the acceptance, he might have opposed to the former."

Defendant's lessor transferred his claim for rent to plaintiff on July 30th, 1921. Notice of such assignment was promptly given defendant and on August 8th, defendant, through its District Manager, wrote plaintiff as follows:

"Upon return to the city find your letter of August 1st and duplicate copy of an assignment between yourselves and the Pelican Co-operative Oil Company, Inc. We of course have no objection to your handling this account, but as a matter of information we wish to advise you that we have

no formal lease with the Pelican people for this warehouse. The only signed documents we have with them is an exchange of letters in which we agreed to lease their warehouse with the understanding that it was to be equipped with a switch track. It is the writer's recollection that this switch track was to have been placed by March 17th of this year, but to date we are forced to rely upon a drayage arrangement for loading and unloading cars. This arrangement is not entirely satisfactory.

"We have never signed any rent notes and will not do so, nor have we signed a formal lease.

"Our methods of paying warehouse bills will be to approve them and send them to the Home Office for payment. It may be that a week or a longer period will elapse before the check is drawn and forwarded here.

"Trusting that this information will be of interest to you, we are."

Subsequently, the rental due by defendant for the month of August was paid to the plaintiff bank. It will be observed that no mention is made by defendant of any claim against his creditor, plaintiff's assignor, in his letter of August 8th, moreover, the payment of the August rent implies the absence of such claim. But counsel says that defendant's district manager was without authority to accept the assignment and that there was no assignment or transfer in the sense of Article 2212 R. C. C. which could be accepted. As to the authority of the manager, we think the acceptance of the transfer of the lease might well be made by him, particularly as he was the party who made the lease, and his action in this regard we consider binding upon defendant. See Fletcher Cyc. of Corporation, Vol. 3, p. 3301.

The argument concerning the lack of a proper transfer is based upon the fact that the claim for rent was assigned to the plaintiff bank as trustee and not as owner in its own right of the claim. The assignment reads as follows:

"For value received, we hereby transfer and assign unto the Liberty Bank & Trust Co. of New Orleans, La., as trustee, all our right, title and interest in and to a certain agreement of lease," etc.

Does the use of the word "trustee" invalidate the assignment? The Civil law term of Agent would have perhaps been more easily comprehended, but even if the transfer be made to an agent who is to collect the money and distribute it to his principals in certain proportions, thus creating an equitable and a legal interest in the assignment, or a *dation en paiement* coupled with a stipulation *"pour autrui"* as was done in this case, we think it nevertheless such transfer as contemplated by Article 2212 R. C. C. The decision in the case of Sintes vs. Commerford, 112 La. 796, 36 South. 656, is to this effect.

We conclude, therefore, that the failure to qualify the acceptance of the assignment of the lease by defendant precludes defendant from opposing its claim against the lessor to the lessor's assignee.

The judgment appealed from is, for the reasons herein expressed, affirmed.