OVERTON, J.
 

 In the cause appearing in the title, defendant in said cause and relator herein was charged with assault and battery. His case was fixed for trial, and on the day fixed he failed to appear. A few days later he appeared, and the district attorney filed in said cause a motion in which he prayed that a rule issue ordering relator to show why he should not be punished for contempt for failing to appear.
 

 In this motion it is alleged that the charge of assault and battery against relator was duly fixed for trial for February 2, 1926; that, on January 30, 1926, notice of the fixing of said case for trial was served on relator, by delivering the notice to his daughter; that relator admitted in open court that he received the notice; that, notwithstanding the fact that relator received the notice, he, in utter contempt and defiance of the orders of court, left the state, and did not appear in court on the day fixed for his trial; and that defendant’s conduct, in violating the order of court, constitutes a contempt.
 

 Relator filed no answer to the rule, but was permitted to testify. He testified that he received, through his daughter, the notice to appear for trial and that, when he received the notice, he had made arrangements to leave the state on the day of its receipt, on important business, which could not be postponed without probability of considerable loss to him. He Eilso testified that lie wrote the trial judge and also the district attorney, advising them of the situation, and asked his attorneys to see the judge, and explain matters to him. Defendant left the state without the permission of the court, and did not appear for trial on the day fixed therefor.
 

 The respondent judge, after hearing relator, found that he had ignored the notice to appear for trial, adjudged him guilty of contempt, and sentenced him to 4S hours in jail. Thereupon, relator applied to this court for a writ of certiorari for the purpose of having the proceedings had reviewed, and for a writ of prohibition restraining the respondent judge from carrying the' sentence imposed into execution. A rule nisi was granted, and also an order staying all further proceedings in the matter until the validity of those
 
 *107
 
 had could be ascertained. The respondent, judge has made his return.
 

 One of the contentions of relator is that the judge below had no right to adjudge him guilty of contempt and to sentence him for failure to appear for trial; that the law has provided a remedy to be resorted to, in lieu of punishment for contempt, where an accused fails to appear for trial, to wit, the forfeiture of his appearance bond.
 

 Counsel for the state contend that we should not notice the foregoing contention for the reason that it is not an issue in the case, since it was not made in the court below, and is urged for the first time only in relat- or’s brief, filed in this court. We have frequently held that an issue which is not raised by the pleadings, and which has not been presented in argument in the lower court, will not be considered in this court on the hearing of an application for the review of the judgment rendered or the proceedings had. Sintes v. Commerford, 36 So. 656, 112 La. 706; North British & Mercantile Ins. Co. v. Sims, 61 So. 509, 132 La. 411; Shalley v. New Orleans Public Service, Inc. our No. 27254, 105 So. 606, 159 La. 519. The pleadings in this instance, however, partake of the nature of criminal proceedings. That they do so partake would seem to be sufficient to differentiate this ease from those cited, which are purely of a civil nature. In a criminal case, this court may notice of its own motion an error patent on the face of the record, as for instance, that the indictment charges no offense. In this instance, the point raised by relator is similar to the one in the illustration just given, for, in substance, the point is that the facts charged against relator are not such as to subject him to punishment for contempt of court. Aside from the foregoing observation, it may be said that the proceedings in the lower court were to some extent informal, since defendant was not required to formally plead. It appears, however, that he there disclaimed being guilty of contempt, which we think was sufficient, under the circumstances, to put at issue all questions of law arising from the facts pleaded in the state’s motion, among which is the one here under consideration. In so far as relates to the alleged failure of relator to urge in his application to this court the point here relied on by him, it may be said that relator sets out substantially in that application the charge on which, and the evidence under which, he was found guilty, and alleges that he attaches to the application a memorandum of authorities. In this memorandum, which is, in fact, also a memorandum of points urged, the point here made by relator is distinctly urged. Since the memorandum was attached to the application, and expressly referred to therein, it must be considered a part of the application. We therefore conclude that the question raised by relator is sufficiently before us to require our consideration.
 

 The contention made by relator is one pertaining to the right of the judge to punish for contempt for the act charged, and is based on facts appearing on the face of the record. It is such a contention as this court may consider under a writ' of certiorari, in a proceeding for contempt. State ex rel. Liversey v. Judge, 34 La. Ann. 741; In re State ex rel. Hero, 36 La. Ann. 352; State ex rel. Terence v. Lazarus, Judge, 37 La. Ann. 314; State ex rel. Duffy & Behan v. Civil District Court, 36 So. 315, 112 La. 182. In all of the cases cited contentions of a similar nature, that is, those relating to the right of the judge to punish for contempt for the act charged, were considered under writs of certiorari.
 

 We now take up for consideration the question whether an accused may be punished for contempt of court for failure to appear for trial on the day fixed therefor.
 

 In Junius Hart Piano House, Limited, v. Ingman, 44 So. 850, 119 La. 1017, it was said:
 

 
 *109
 
 “This court’said in Ex rel Duffy Case, 36 So. 315, 112 La. 182:
 

 “ ‘Where specific remedies are provided by law, they must be resorted to.’
 

 “There is other remedy, notably section 865 of the Revised Statutes.
 

 “We do not assert that proceedings for contempt may not be taken in a case where there is other .remedy. But we do say that, where it is not manifest that there is a rule authorizing proceedings for contempt, the parties should seek to have the clearly expressed criminal law enforced applying to the case.
 

 “Lastly, the policy of the law is against extending the scope of proceedings for contempt. 4 Ency. of Pleading & Practice, p. 770, note.”
 

 We know of no instance where an accused has been punished for contempt for failure to appear for trial on the day fixed therefor. So far as our knowledge extends, the uniform practice in this state, in such cases, has been to forfeit his appearance bond and issue a warrant for him. The law does not contemplate that his failure to appear shall be treated, as a contempt. Hie fact that notice was served on relator to appear does not affect the question. There is no law of this state that requires that an accused be' advised by the service of notice on him to appear for trial. Ordinarily, under the terms of his bond, he is required to be in open court from day to day, during the sessions thereof, until his ease is disposed of. In some courts, however, it appears that by rule of court notice is required to be served on the accused to appear for trial or other purposes, which implies that he is relieved of the ordinary requirement of being present from day to day, during the sessions, unless notified to be present, arid in such instances a provision is inserted in the bond of the accused binding him to attend court, when so notified, instead of the ordinary requirement above mentioned, one standing in lieu of the other. When such a provision is inserted in a bond, it is held that the accused must be notified to appear as a prerequisite to forfeiting his bond for nonappearance. State v. Cole and Williams, 12 La. Ann. 471; Louisiana Society for Prevention of Cruelty to Children, 35 So. 516, 111 La. 199. The rule as to notice seems to obtain in the court in which the respondent judge presides. The failure to appear for trial when notified is not a contempt of court. It is no more a contempt than is the failure to attend the sessions of court from day to day, under the ordinary requirement above mentioned. Neither is a contempt, but merely a violation of the terms of the bond.
 

 The state contends, however, that a forfeiture of the bond is not an adequate remedy, and points to the fact that, under Act 103 of 1924, providing for the forfeiture of appearance bonds in the parish of Orleans, the accused may have the forfeiture set aside within 15 days after it is decreed. He may have it set aside within that time, provided he appears and is tried and convicted or acquitted within that period, or if he appears within 5 days succeeding the forfeiture, and after his appearance, and within that period, the case in which the bond is given is continued on motion of the district attorney. However, it is by no means certain that he will be able to obtain a trial within the time fixed, or that a continuance will be granted on motion of tie state within the required time, and that uncertainty ordinarily operates to cause him to seek to avoid a forfeiture. But whether or not the forfeiture of the bond is an adequate remedy, it is the one contemplated by law, and, as said, the failure of the accused to appear for trial is not deemed a contempt of court, but merely a violation of the terms of his bond.
 

 For the reasons assigned, it is ordered, adjudged, and decreed that the judgment and sentence herein be annulled and set aside, and that said proceedings be dismissed.