THE STATE *v.* N. A. DELERNO.

An indictment which charges the selling liquor to a slave without the written consent of the master does not necessarily charge any offence by the Acts both of March 18, 1852, p. 225, and of March, 15, 1855, p. 380, It is of the essence of the offence that the selling to the slave should be " without the consent in writing, of the owner, overseer or employer of such slave." Selling liquor to a slave, without the written consent of the owner is no offence, if the slave has the written consent of the overseer or employer for the time being.

Such a defect in an indictment is one of substance and not of form. The Statute of March 14, 1855, p. 171, to " regulate the mode of procedure in criminal prosecutions," did not debar the accused from moving to arrest the judgment for such a material omission in the indictment. Section 17 of same Act relates only to *formal* defects.

APPEAL from the District Court of the parish of Ouachita, *Richardson*, J. *Stubbs*, District Attorney, for plaintiff. *J. D. & J. McEnery*, *Benton* and *Garrett*, for defendants and appellants.

SPOFFORD, J. It becomes immaterial to notice the constitutional question raised in this case, for it is conceded by the District Attorney that the indictment must rest either upon the 1st section of the Act of March 18th, 1852, p. 225, or upon the 23d section of the Act of March 15th, 1855, p. 380. It matters not

which be considered in force—for, by both Statutes, it is of the essence of the offence that the selling to the slave should be "without the consent, in writing, of the owner, overseer or employer of such slave." These words are in the body of both Statutes, and not introduced by way of proviso. 1 East. Rep. p. 643. Selling liquor to a slave without the written consent of the owner is no offence, if the seller have the written consent of his overseer or employer for the time being. So the language of this indictment, which charges a selling without the consent, in writing, of the owner merely, does not of necessity charge any offence. This is a defect of substance, and not of form. It was not waived by pleading to the indictment, nor aided by verdict. The Statute of March 14th, 1855, p. 171, " to regulate the mode of procedure in criminal prosecutions," did not debar the accused from moving to arrest the judgment for such a material omission in the indictment. Section 17 declares that " every objection to any indictment for any *formal* defect apparent upon the face thereof, shall be taken by demurrer or motion to quash such indictment before the jury shall be sworn, and not afterwards. As we do not regard this as a formal defect, the motion in arrest should, in our opinion, have prevailed.

It is, therefore, ordered that the judgment of the District Court be avoided and reversed, and that judgment on the indictment in this case be arrested, without prejudice to a further prosecution under a valid indictment.