· No. 13,662

STATE OF LOUISIANA VS. CHARLES HAYES.

SYLLABUS.

1. The sureties on an appearance bond have the right to move to set aside the judgment forfeiting such bond and condemning them for the amount thereof, and the objection that the motion comes too late, if well made, should be urged as a defense to such motion rather than as against the filing or hearing of the same.

2. There is nothing in Act No. 17 of 1900 which precludes an application to set aside such judgment of forfeiture upon grounds other than those mentioned· in said act.

3. Where the surety on a forfeited appearance bond presents to the District Court a rule to show cause why such forfeiture, and the judgment against him predicated thereon, should not be set aside, and he is refused permission to file such rule and appeals therefrom, the grounds set up in such motion, not having been considered or acted upon in the court *a qua*, will not be considered or acted upon on the appeal.

APPEAL from the Twelfth Judicial District, Parish of Sabine— *Lee, J.*

*Waller Guion,* Attorney General, and *Amos L. Ponder,* District Attorney, (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*T. C. Armstrong* for J. B. Brown and G. Brewster, Bondsmen, Plaintiffs in Rule, Appellants.

The opinion of the court was delivered by

MONROE, J. The record shows that in February, 1900, an information was filed in the District Court for the parish of Sabine. charging Charles Hayes with having feloniously married Eliza Brewster, "Birdwell, his lawful wife, being then alive and undivorced", and that a warrant was ordered to be issued for the arrest of the accused. It further appears that, upon the 19th of September, he appeared in court, assisted by counsel, waived arraignment, plead not guilty, and demanded a trial by jury, and that his case was fixed for September 25th. On September 24th, he gave bond for his appearance, with J. B. Brown and G. Brewster as sureties. On the following day, September 25th, he appeared in court assisted by his counsel, and having announced that he was ready for trial, a jury was drawn and impaneled, and, pending the taking of testimony, the accused absconded. Thereupon a mistrial was ordered, and his bond forfeited. On September 29th, the minutes show the following entry, to-wit:

"Motions from the bar were called for, whereupon the following proceedings were had and ordered entered:

"No. 960. State of Louisiana vs. Charles Hayes. Charge, Bigamy.

"Application for rule to show cause offered to be filed and objected to by the State. Rule refused as coming too late. Bill of exceptions reserved. Appeal granted ————"

Then follows a copy of a petition setting forth, in substance, as reasons why the forfeiture of, and judgment on, the appearance bond should not be set aside.

1. That it was not legally executed by the defendant.

2. That the defendant had appeared and answered.

3. That the bond was defective in that it referred to Act 93 of 1900, which Act is unconstitutional, for the reason that it fails to define the offense of bigamy.

4. That the proposed action of the district attorney in proceeding to collect the bond, without affording the petitioner an opportunity to re-arrest the defendant, was inequitable.

And thereafter appears a rule on the district attorney to show cause why said forfeiture and judgment should not be set aside on the grounds stated in said petition. There was no bill of exceptions written out or presented to the district judge, nor do we find any assignment of errors. The error complained of in the brief of appellants' counsel is, however, disclosed on the face of the record, and it is a settled doctrine that the

court may take cognizance of matters of law so presented, without a bill of exceptions or formal assignment of errors. State vs. Bazile, 33 Ann. 545; State vs. Johnson, 51 Ann. 1648.

The learned counsel for the State, to quote the language of their brief, "discuss the case as if it were properly before this court", and have considered, at some length, the various grounds set forth in the lower court as reasons for setting aside the forfeiture and judgment. But those grounds constitute the merits of the appellants' case, and were never reached or acted on by the judge of the first instance, and, hence, are not before us on appeal. The judge *a quo* simply refused to entertain the application to set aside the forfeiture and judgment thereon without reference to the grounds upon which such application was based, for the reason, as appears from the minutes of the court, that he considered it came too late. The only issue brought up by the appeal, therefore, is, had the appellants the right to be heard, in the form in which they presented themselves, and contradictorily with the State, upon the question of the validity of the judgment which had been rendered against them? We think it clear that this question should be answered in the affirmative. If the prescription, which appears to have been invoked, is applicable, and the proceedings was filed too late (though upon this we express no opinion) it was a plea to be urged against the right of recovery rather than against the right to appear in court. The provisions of the Act No. 17 of 1900, to the effect that a judgment and appearance bond may be set aside within five days after its rendition, upon the appearance, trial, and conviction of the principal, etc., cannot be construed as precluding the sureties from moving to set aside such judgment upon other grounds, and, whether the grounds for such motion are well taken can only be properly determined after hearing the movers, contradictorily with those as against whom such a proceeding must be taken.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that this case be remanded, with instructions that the appellants be allowed to file the petition and motion to set aside the forfeiture and judgment complained of, and afforded an opportunity to be heard thereon.

Rehearing refused.