(67 South. 973)

No. 21118.

STATE v. THIBODEAUX.

(March 8, 1915.)

*(Syllabus by the Court.)*

**1. INDICTMENT AND INFORMATION** ⬩109 — REQUISITES OF INDICTMENT — STATUTORY CRIME.

An indictment for a statutory crime must charge, with certainty and precision, that the person accused committed the act under the circumstances and with the intent mentioned in the statute; if any essential element of the crime is omitted, the indictment is not valid.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 286–288; Dec. Dig. ⬩109.]

**2. ABDUCTION** ⬩1 — UNLAWFUL TRANSPORTATION OF WOMAN—CONSENT OF WOMAN.

The act of taking a woman to a house of ill fame or assignation or other place with her consent for the purpose of having illicit sexual intercourse with her, is not denounced by a statute that merely prohibits the taking of a woman to such place *against her will*, for that immoral purpose.

[Ed. Note.—For other cases, see Abduction, Cent. Dig. §§ 1–10; Dec. Dig. ⬩1.]

**3. PROSTITUTION** ⬩1—UNLAWFUL TRANSPORTATION—"PROSTITUTE."

In its restricted and legal sense, prostitution means the practice of a woman submitting to indiscriminate sexual intercourse with men for pay, as distinguished from illicit sexual intercourse with one man. A woman who submits to illicit sexual intercourse with one man, not for pay, is not a prostitute, within the meaning of a statute that prohibits transporting a woman through or across the state "for the purpose of prostitution or with the intent to induce her to become a prostitute" (citing Words and Phrases, Prostitute; Prostitution).

[Ed. Note.—For other cases, see Prostitution, Cent. Dig. §§ 1, 2; Dec. Dig. ⬩1.]

**4. PROSTITUTION** ⬩1—STATUTES ⬩118—TITLE AND SUBJECT-MATTER—"PANDERING"— "PIMPING."

Act No. 307 of 1910, entitled "An act in relation to pandering, to define and prohibit the same, to provide for the punishment thereof, and for the competency of certain evidence at the trial thereof," deals only with the subject of pandering, vulgarly called "pimping," defined in the dictionaries as catering for the gratification or lust of another. Hence the statute cannot be construed to embrace other immoral acts, without, to that extent, rendering it violative of the constitutional provision that a statute shall embrace but one object, and that shall be expressed in its title.

[Ed. Note.—For other cases, see Prostitution, Cent. Dig. §§ 1, 2; Dec. Dig. ⬩1; Statutes, Cent. Dig. §§ 158–160; Dec. Dig. ⬩118.]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

Omar Thibodeaux was indicted for pandering, and from a judgment quashing the indictment the State appeals. Affirmed.

R. G. Pleasant, Atty. Gen., T. A. Edwards, Dist. Atty., of Lake Charles, J. H. Jackson, Asst. Dist. Atty., of De Ridder (G. A. Gondran, of New Orleans, of counsel), for the State. John L. Kennedy, of La Fayette, for appellee.

O'NIELL, J. The state has appealed from a judgment quashing an indictment against the defendant, containing the following two counts and particulars, viz.:

"First count: That Omar Thibodeaux, at the parish of Calcasieu, on the 4th day of December, A. D. 1914, did unlawfully and feloniously take, place, harbor, persuade, entice, and by promises take and place one, M—— N——, in the hotel and boarding house of one Henri Daigle, in the city of Lake Charles, said parish and state, for the purposes of prostitution and illegal sexual intercourse.

"Second count: That Omar Thibodeaux, at the parish of Calcasieu, state of Louisiana, on the 4th day of December, A. D. 1914, did unlawfully and feloniously and knowingly transport, and cause to be transported, the woman M—— N——, from the town of Lafayette, state of Louisiana, to the city of Lake Charles, Calcasieu parish, La., for the purpose of prostitution.

"That the state charges that the acts of sexual intercourse and prostitution on the part of the woman were with only the defendant, Omar Thibodeaux, and that said defendant, Omar Thibodeaux, did not intend her to lead a life of prostitution with any other person than himself."

[2] The first count in this indictment was annulled because it was not alleged that the taking, harboring, persuading, and enticing of the woman and placing her into the hotel or boarding house was done *against her will*.

The district attorney contends that this

count in the indictment charges a violation of section 1, Act No. 307 of 1910, which provides:

"That any person who takes, places, harbors, inveigles, entices, persuades, encourages, either by threats, promises, or by any other device or scheme, takes or places, or causes to be placed or taken any female into a house of ill fame or of assignation or elsewhere, *against her will,* for the purpose of prostitution or illegal sexual intercourse, * * * shall be punished," etc.

The immoral acts denounced by this section of the law are only such as are done against the woman's will. The failure to allege that the acts were committed *against her will* was fatal to the first count in the indictment.

[1] An indictment under a statute ought to charge, with certainty and precision, that the defendant committed the acts under the circumstances and with the intent mentioned in the statute. If any essential element of the crime is omitted, the indictment is not valid. State v. Stiles, 5 La. Ann. 324; State v. Read, 6 La. Ann. 227; State v. Delerno, 11 La. Ann. 648; State v. Johnson, 42 La. Ann. 559, 7 South. 588; State v. Ackerman, 51 La. Ann. 1213, 26 South. 80; State v. Breaux, 122 La. 520, 47 South. 876.

[3, 4] One of the reasons assigned by the district judge for holding that the second count in this indictment was invalid was that the alleged transportation of the woman from Lafayette to Lake Charles by the defendant for him to have sexual intercourse with her was not for the purpose of prostitution. The law which the district attorney relies upon to support this count in the indictment is section 7, Act No. 307 of 1910, which provides that:

"Any person who shall knowingly transport or cause to be transported, or aid, or assist in obtaining transportation for, by any means of conveyance, through or across this state, any woman or girl for the purpose of prostitution or with the intent and purpose to induce, entice or compel such woman ·or girl to become a prostitute, shall be deemed guilty of a felony," etc.

The statute does not define "prostitution" or "prostitute." That was not necessary. The word "prostitute" has a well-defined meaning. It is defined in 32 Cyc. 730 as:

"A female given to indiscriminate lewdness for gain; a hireling; a mercenary; a strumpet; one who is let to sale."

And from the same volume we quote: .

"In its most general sense, prostitution is the setting one's self to sale or devoting to infamous purposes what is in one's power. In its more restricted and legal sense, it is the practice of a female offering her body to an indiscriminate intercourse with men, as distinguished from sexual intercourse confined to one man; or, as sometimes stated, common lewdness of a woman for gain; the act of permitting a common and indiscriminate sexual intercourse for hire."

The words "prostitute" and "prostitution" are similarly defined in Am. & Eng. Ency. of Law (2d Ed.) vol. 23, and in Words and Phrases and by the standard lexicographers. A woman who has illicit sexual intercourse with only one man—not for pay—is not a prostitute, within the meaning of Act No. 307 of 1910. One who transports a woman through or across this state for the purpose of having illicit sexual intercourse with' her is not thereby guilty of transporting her for the purpose of *prostitution,* within the meaning of the statute of 1910.

The title of this statute is:

"An act in relation to pandering, to define and prohibit the same, to provide for the punishment thereof, and for the competency of certain evidence at the trial thereof."

Hence the statute deals only with pandering, which is defined in the dictionaries as pimping—catering for the gratification or lust of another person. A pander is a procurer or pimp. If this statute could be construed so as to denounce any other immoral act than pandering, it would, to that extent, be violative of article 31 of the Constitution, which provides that a statute shall embrace but one object, and that shall 'be expressed in its title.

The judgment appealed from is affirmed.