O’NIELL, J.
The appellant was tried on an indictment charging that he “did unlawfully and feloniously shoow one Rich Armstrong with a dangerous weapon, to wit, a pistol, with intent him, the said Rich Armstrong, to kill and slay.” The jury found him “guilty as charged.” He filed a motion in arrest of judgment, alleging that it was not a crime to shooio a person with a pistol with intent to kill him, and that therefore he had not been convicted of an offense for which a sentence could be imposed. The motion in arrest of judgment was overruled, and the defendant was sentenced to imprisonment at hard labor in the penitentiary for the term of 18 months. A bill of exceptions was reserved to the ruling.
*863 Opinion.
Tlie only explanation we have of the use of the word — heretofore unheard of — shoow is suggested in the brief of the learned counsel for the state that, by a typographical error, the letter w was made for a t. We imagine — in fact we have as little doubt as we could well have without proof— that the typist who wrote the bill of indictment struck the wrong key. If he or she had left off the w as well as the t, we would be constrained to hold that the defendant was accused and found guilty of frightening away Rich Armstrong, like a bird or fowl, with the intent — if not then and there perhaps later on- — -him, the said Rich Armstrong, to kill and slay. In fact, that would be our conclusion if we should apply the doctrine of idem sonans. That rule is so liberal with regard- to the spelling of words that it is possible the jury applied it in this case, and held that the mistake in the indictment was one of spelling, not typography. If so, the jury must have found that the accused did shoo Rich Armstrong; for that is the only -verb we know having the same sound. Be all that as it may, the doctrine of idem sonans could not justify our substituting the word shoot for shoow.
The learned counsel for the state refer us to several decisions cited in 22 Cyc. 291, to the effect that an error in spelling which does not obscure the sense of an indictment is not serious. If the error in the indictment before us was a mistake of spelling, it would be quite certain the misspelled word was not intended for shoot, for no one would believe that shoot should be spelled shoow. There are as many decisions cited on the next following page of the volume referred to holding that the rule requiring accuracy in the wording of an indictment is more rigorous with regard to felonies than for misdemeanors, and that the omission of a word forming an important part in the description of an offense is fatal to the indictment. The word shoot is the most important word in an indictment charging that the accused did shoot another with intent to kill.
It is contended on behalf of the state that the defendant in this case waived all objections to the form of the indictment by failing to demur or move to quash the indictment before going to trial. It is as well argued that the prosecuting attorney lost his privilege of correcting the indictment by failing to correct it before or during the trial. It is- possible the defendant applied the rule of idem sonans, believed that the error -was one of spelling, and that the accusation really was that he did shoo Rich Armstrong, etc. The decisions cited in support of the rule that an error of form in an indictment can be taken advantage of only by demurrer or motion to quash (State v. Given, 32 La. Ann. 782, and State v. Stewart, 117 La. 476, 41 South. 798) are'not appropriate to this case. In Given’s Case, the word cash was written for case in the formal conclusion of the indictment, “in such cash made and provided.” In Stewart’s Case the indictment, charging that he did cut another with a 'dangerous -weapon with intent to murder, did not describe or name the weapon; and the defendant’s objection to proof that it was a razor was overruled, on the ground that he should have demurred or moved to quash the indictmeht, or asked for a bill of particulars, if he desired to be informed of the kind of -weapon before the trial.
Although the question presented for decision is indeed doubtful, and though our ruling may be considered extremely technical, we have concluded not to establish the precedent of supplying by intendment the most important word in the crime which — wa must infer — was intended to be charged in this indictment, for a felony.
The verdict and sentence are annulled, and the defendant is ordered discharged.