For the reasons assigned, the judgment appealed from is affirmed, with costs.

O'NIELL, J., concurs in the decree.

---

(87 South. 270)

No. 24190.

### STATE v. HALABY.

(Jan. 31, 1921.)

*(Syllabus by the Court.)*

1. Indictment and information ⟬⟭109—Charge of statutory offense must bring it precisely within statute.

A charge of a statutory offense must be so laid as to bring the offense precisely within the statute, leaving nothing to implication or intendment.

2. Indictment and information ⟬⟭110(3) — Charge of fraudulent use of name of another held not within statute.

A charge by affidavit of fraudulent use by one person of the name of another in whose business the person charged is not interested is not within the terms of Act 119 of 1888, which denounces, as an offense, the fraudulent use by one person of the name of another who is not interested in the occupation of the alleged user.

Appeal from City Court of Hammond; H. G. Hungate, Judge.

Navoum Halaby was convicted of fraudulent use of the name of another, and he appeals. Conviction annulled, and defendant discharged.

See, also, ante, p. 1, 86 South. 561.

Sam'l A. Montgomery, of New Orleans, and Clay Elliott, of Amite, for appellant.

A. V. Coco, Atty. Gen., M. J. Allen, Dist. Atty., and Purser & Magruder, all of Amite, for the State.

MONROE, C. J. Defendant having been convicted of an offense, under Act 119 of 1888, and fined $1,000, prosecutes this appeal, relying on three bills of exception:

Bill 1 was reserved to the overruling of a plea to the jurisdiction of the court. The exception is not referred to in the brief of counsel and is presumed to have been abandoned.

Bill 2 was reserved to the overruling of an exception, or demurrer, to the effect that the affidavit charges no offense known to the law of the state; the specification being that it is not charged that the prosecuting witness, whose name is alleged to have been used, was interested in defendant's occupation, but that the charge is that defendant sought and obtained information concerning the business in which the prosecuting witness was engaged.

The statute reads:

"That it shall be unlawful for any person, or persons, engaged in any occupation to make fraudulent use of the name of any person not having an interest therein or to do any business under the name of any person, or persons, not having an interest therein."

The affidavit bears the signature of Frank B. Thomas, and reads, so far as need be quoted, as follows:

"That one Navoum Halaby * * * did * * * violate the laws of the state of Louisiana by falsely and fraudulently claiming to be 'Mr. Thomas of Hammond,' in a business conversation with the manager of the Pathé department of Rice, Stix & Co., over the long distance telephone, in which conversation said Halaby, falsely and fraudulently using affiant's name, sought and obtained information concerning affiant's business relations with said Rice, Stix & Co. in the handling of the Pathé manufactured articles, the said Halaby not being the person who had the contract with the said Rice, Stix & Co. and having no interest in affiant's contract with said concern, all of which fraudulent acts and misrepresentations are in violation of the laws."

The case was tried without a jury, and the judge gives his reason for convicting defendant as follows:

"The court finds the defendant guilty as charged; the court is satisfied, from the evidence produced, that the defendant gave his name as Mr. Thomas, in the sense of a surname, and not as his first name, knowing that there was a Mr. Thomas in a similar business in Hammond, and that he intended to convey the impression to the people with whom he was doing business, or was attempting to do business, that Mr. Thomas had an interest in the store which he, the defendant, was conducting in Hammond."

In finding defendant guilty as charged, however, it appears to us that the judge failed to observe that defendant is not charged with the misdemeanor denounced by the statute, since the charge is that he fraudulently used the name of a person in whose business he was not interested, whereas the statute penalizes the fraudulent use of the name of a person who is not interested in the occupation of the user, which occupation may be quite a different affair from the business of the person whose name is used.

[1, 2] It may be said that the purpose of the statute is to penalize the fraudulent use by one person of the name of another in any case; but, as determined by its language, its purpose is to confine its application to the particular case of a person engaged in any occupation who makes fraudulent use of the name of another, or does business in the name of another, who has no interest in that occupation. Inasmuch, therefore, as the statute does not, by its terms, include all cases of fraudulent use of another's name, it is clear that, to be authorized by it, a charge must set forth the ingredients of the particular offense which it creates and denounces. It is probably for that reason that the courts held, with considerable uniformity, that—

"The general rule is that the charge" (of a statutory offense) "must be so laid in the indictment as to bring the case precisely within the description of the offense as given in the statute, alleging distinctly all the essential requisites constituting it. * * * Either the letter or the substance must be followed, and nothing is to be left to implication or intendment, or to conclusion; * * * it being held, in some cases, that the precise words of the statute must be employed, and it is usually the better practice to do so." 22 Cyc. pp. 335, 336c (1), (11).

Being, then, of the opinion that the affidavit herein charges no offense, we find it unnecessary to consider the question presented by defendant's bill 3.

For the reason thus assigned, it is ordered and decreed that the conviction and sentence appealed from be annulled and the defendant discharged.