5 So.2d 16

**STATE v. CROAL.**

No. 36344.

Nov. 3, 1941.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Asst. Atty. Gen., and J. Bernard Cocke, Dist. Atty., and James David McNeill, Executive Asst. Dist. Atty., both of New Orleans, for applicant.

Robert S. Link, Jr., of New Orleans, for respondent.

O'NIELL, Chief Justice.

The defendant was prosecuted under a bill of information charging him with permitting a slot machine to be on his premises and in his building, in violation of Act 107 of 1908. He filed a demurrer, averring specifically that the machine which was referred to in the bill of information, and which was seized on his premises by the State, was not a " 'slot machine,' or similar mechanical device", as defined in the statute, and was not a gambling device of any kind, but was merely a contrivance for selling mint tablets, by the dropping of a

nickel in the slot. For the purpose of the demurrer the prosecuting attorney and the attorney for the defendant entered into a written stipulation, describing minutely the construction of the machine and its modus operandi. The demurrer was submitted on the stipulation of facts and was maintained by the judge, on the ground that the machine, as described in the stipulation, was not such a "slot machine or similar mechanical device" as that which is banned by the statute. As the State had no remedy by appeal the district attorney invoked the supervisory jurisdiction of this court and obtained a writ of certiorari.

The attorney for the defendant, in his brief, argues that the question whether the machine in contest is a "slot machine",—or whether it is such a slot machine as that which is banned by the statute,—is not a question of law but only a question of fact, relating to the guilt or innocence of the defendant, and hence that this court has not jurisdiction to consider the question, even in the exercise of the supervisory powers of the court. Our judgment is that the question presented is a well-defined question of law. If the judge had been obliged to decide what was the true description or method of operation of the machine he would have had to decide a question of fact. But the exact description and mode of operation of the machine were agreed upon in the stipulation of facts, and the only question left for the judge to decide was whether a machine of that description and mode of operation was a " 'slot machine,' or similar mechanical device" of the character which the statute bans. The answer to that question

depends not upon any question of fact but upon a construction of the statute.

In a supplemental brief filed by the attorney for the defendant he directs our attention to a defect which is apparent on the face of the bill of information and which makes the bill null, whether the machine complained of is or is not a " 'slot machine,' or similar mechanical device". We refer to the fact that the State does not allege in the bill of information either that this mechanical device was in operation on the defendant's premises or that business of some nature was conducted on the premises. The first section of the statute makes it unlawful for anyone to gamble with, or use or play a slot machine or similar mechanical device for money or for anything whatever of value. The first clause in the second section of the statute makes it unlawful for an owner or lessee or tenant or proprietor of any building or premises to permit a slot machine or similar mechanical device to be operated in the building or in or on or about the premises in violation of the first section of the statute; and the second clause in the second section of the statute makes it unlawful for any owner or lessee or tenant or proprietor of any building or premises where business of any nature is conducted to permit or allow a slot machine or similar mechanical device to remain in the building or on the premises, whether the slot machine or similar mechanical device is in use or not in use. An analysis of the statute leaves no doubt that it is not unlawful for the owner or lessee or tenant or proprietor of any building or premises to permit or

allow a slot machine or other similar mechanical device to be or remain in the building or on or about the premises unless the machine is operated in violation of the first section of the statute, or unless business of some kind is conducted in the building or on the premises. For convenience we quote the second section of the statute,—thus:

"Section 2. Be it further enacted, etc., That any owner, lessee, tenant or proprietor of any premises or building, who shall have or permit in or about same, or connected therewith any 'slot machine' or similar mechanical device operated in violation of Section 1, of this Act, or any owner, lessee, tenant or proprietor of any premises or building where business of any nature is conducted, who permits or allows a 'slot machine,' or similar mechanical device, even though such 'slot machine', or similar mechanical device be not in use, to remain in such building, or on such premises, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not less than twenty-five dollars, nor more than two hundred dollars, or be imprisoned for not less than thirty days, nor more than ninety days, or both at the discretion of the court".

And now we quote the charge in the bill of information,—thus: "that one Milton Croal, * * * in the Parish of Orleans, * * * being then and there the occupant and proprietor of the building and premises 1041 Burgundy Street, there situate, did wilfully and unlawfully have and permit

in and about the said building and premises a mechanical device known as a slot machine, contrary to the form of the statute", etc.

The stipulation of facts on which the demurrer was submitted to the judge did not contain an admission on the part of the defendant either that the slot machine was operated or that business of any kind was conducted in the building or on the premises. The stipulation contains many explanations as to how the machine is operated but these explanations do not mean that the machine was in fact operated in the defendant's building or on his premises, but mean merely that the machine is operated in that way whenever and wherever it is operated at all.

▮ According to section 287 of the Code of Criminal Procedure a demurrer or motion to quash an indictment or a bill of information must specify the ground or grounds upon which it is based. Whether that requirement has application to a defect apparent on the face of an indictment is a matter which we need not decide at this time, because the defendant may avail himself of this defect in the bill of information in this case at any time before a trial of the case is had on its merits. Code of Cr.Pro. art. 287. Such a defect may be made the basis for a motion in arrest of judgment even after a conviction. Code of Cr.Pro. art. 517, 519. And there is this provision in article 560 of the Code of Criminal Procedure: "When the certificate

of the officer who has made up the transcript shows that the transcript is complete, the appellant may at any time, orally or in brief, call the attention of the court to any error apparent on the face of the record, without making any formal assignment."

Our conclusion is that we should not render a decision on the question whether the machine in contest is a slot machine, in the meaning of Act 107 of 1908, in a case where the bill of indictment or information is otherwise void on its face. In fact it is the duty of the court to pay attention to such a nullity or defect ex proprio motu. State v. Jordy, 161 La. 104, 108 So. 229; State v. Melson, 161 La. 423, 108 So. 794.

The rule to show cause why the judgment complained of should not be reversed is recalled and this proceeding by certiorari is dismissed.

HIGGINS and McCALEB, JJ. concur in the decree.

FOURNET, J., concurs.

ROGERS, J., dissents.

ROGERS, Justice.

I dissent from the opinion and decree in this case because in my view the averments of the bill of information taken in connection with the recitals of the agreed statement of facts, made for the purpose of the demurrer, charge an offense under the provisions of Act 107 of 1908.