17 So.2d 624

STATE v. TONEY et al.

No. 37330.

March 13, 1944.

Victor Blackwell, of Franklinton, for defendants-appellants.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Asst. Atty. Gen., James T. Burns, Dist. Atty., of Covington, and Guy V. Rich, of Bogalusa, for appellee.

FOURNET, Justice.

The defendants, Latimore and Eddie Toney and Lois and Jessie Knight, are ap-

pealing from their conviction and sentence in the Juvenile Court for the Parish of Washington for having intentionally mistreated a minor of two by causing it to become intoxicated, relying for the reversal thereof on certain errors patent on the face of the record, i. e., (1) that the accusations upon which they were tried and convicted are invalid, failing to affirmatively show the defendants were above the age of seventeen, as required by Article 93 of Act No. 43 of 1942 (the Criminal Code), and (2) that the defendants were sentenced within less than twenty-four hours following their conviction, in contravention of Article 521 of the Code of Criminal Procedure.

One of the attorney general's assistants appeared in this court on behalf of the state, explaining that inasmuch as the position taken by the defendants was well founded in law on both points, no brief would be filed by the state.

▇▇▇▇ While this court does not ordinarily review errors alleged to have occurred during the trial of a criminal case unless timely objection has been made to them and the necessary bills of exceptions reserved, "When the certificate of the officer who has made up the transcript shows that the transcript is complete, the appellant may at any time, orally or in brief, call the attention of the court to any error apparent on the face of the record, without making any formal assignment." Article 560 of the Code of Criminal Procedure. See, also, Articles 502, 503, 558; State v. Hayes, 104 La. 461, 29 So. 22; State v. Griggsby, 117 La. 1046, 42 So. 497; State v. Kierson, 140 La. 31, 72 So. 799; State v. Croal, 198 La. 820, 5 So.2d 16; State v. Stoma, 199 La. 529, 6 So.2d 650; and II Marr's Criminal Jurisprudence 1189, Section 769. As a matter of fact, this court is charged with noticing ex proprio motu such nullities or defects as may be apparent on the face of the record. State v. Jordy, 161 La. 104, 108 So. 229; State v. Melson, 161 La. 423, 108 So. 894; and State v. Croal, supra.

▇▇▇▇ It is elementary that the only crimes in this state are statutory and that every fact that forms an essential element of the crime intended to be charged must be alleged with certainty and precision in the accusation, nothing being left to intendment or conjecture. The omission of any essential element of the crime renders the accusation invalid, whether it was brought by indictment, information, or affidavit. State v. Thibodeaux, 136 La. 935, 67 So. 973; State v. Doremus, 137 La. 266, 68 So. 605; State v. Barnette, 138 La. 693, 70 So. 614; State v. Atkins, 142 La. 862, 77 So. 771; State v. Jacobs, 145 La. 898, 83 So. 183; and State v. Halaby, 148 La. 553, 87 So. 270.

▇▇▇▇ The defendants in this case were apparently charged under Article 93 of Act No. 43 of 1942 with "the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child." However, while the accusation does allege the child the defendants are charged with mistreating is only two, there is nothing in the accusation

to affirmatively show that the defendants are themselves over seventeen. Consequently, their convictions and sentences are based on an invalid accusation and are, necessarily, void.

For the reasons assigned, it is ordered that the verdicts and sentences appealed from be annulled and set aside and it is further ordered that the defendants be discharged from custody.