146 So.2d 786

**STATE of Louisiana**

v.

**Molly DAYE.**

No. 46136.

Nov. 5, 1962.

Rehearing Denied Dec. 10, 1962.

Guy Johnson, Oliver P. Carriere, Jr., of Racivitch, Johnson, Wegmann & Mouledoux, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., Michael E. Culligan, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

HAWTHORNE, Justice

Defendant-appellant Molly Daye, charged in a bill of information with permitting "B drinking", was adjudged guilty as charged and sentenced to pay a fine of

$305.00 and to be imprisoned in the parish prison for 60 days, and in default of payment of fine to be imprisoned for an additional 30 days.

The bill of information charges the offense in two counts in the following language:

"* * * that one Molly Daye * * did then and there wilfully and unlawfully employ and permit females commonly known as 'B' girls to frequent the licensed premises No. 1428 Canal Street, known as the French Casino, and solicit patrons for drinks of high alcoholic content and to receive therefor a commission or remuneration * * *.

"SECOND COUNT: * * * that one Molly Daye * * * did then and there wilfully and unlawfully employ and permit females commonly known as 'B' girls to frequent the licensed premises No. 1428 Canal Street, know as the French Casino, and solicit patrons for drinks of low alcoholic content and to receive therefor a commission or remuneration * * *."

It is to be observed that the language in these counts is identical, except that in Count 1 it is charged that the solicitation was for drinks *of high alcoholic content* and that in Count 2 it is charged that the

solicitation was for drinks *of low alcoholic content.*

By charging this defendant in two counts [1] the drafter of this bill of information purported to charge two separate and distinct offenses. In fact, the bill of information is endorsed as being one for violation of R.S. 26:88(7) and R.S. 26:285(8). The verdict of guilty as charged would imply, to say the least, that the defendant was found guilty on both counts, although only one sentence was imposed.

Section 88(7) of Title 26 of the Louisiana Revised Statutes is found in Chapter 1, Alcoholic Beverage Control Law, and Section 285(8) of Title 26 is found in Chapter 2, Collector of Revenue. R.S. 26:88(7) reads:

"No person holding a retail dealer's permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:

\*  \*  \*  \*  \*  \*

"(7) Employ or permit females, commonly known as 'B Girls', to solicit patrons for drinks and to accept drinks from patrons and receive therefor any commission

---

1. In this connection see R.S. 15:217, which provides: "Except as otherwise provided in this Part, no indictment shall charge more than one crime, but the same crime may be charged in different ways in several counts." See also Slovenko, The Accusation in Louisiana Criminal Law, 32 Tulane L.Rev. 46, at pp. 70 et seq.; 4 La.L.Rev. 127.

or any remuneration in any other way. * * *"

R.S. 26:285(8) provides:

"No person holding a retail dealer's permit and no servant, agent, or employee of the permittee shall do any of the following acts upon the licensed premises:

\*   \*   \*   \*   \*   \*

"(8) Employ or permit females, commonly known as 'B Girls', to frequent the premises and solicit patrons for drinks or to accept drinks from patrons and receive therefor any commission or any remuneration in any other way. * * *"

It will thus be seen that the language denouncing these crimes is substantially the same; moreover, the penalty for their violation is identical. Evidently the retail dealer's permit mentioned in R.S. 26:88 is one to sell alcoholic beverages having an alcoholic content of more than 6 per cent by volume, R.S. 26:2, 71, and the retail dealer's permit mentioned in R.S. 26:285 is evidently one to sell alcoholic beverages of low alcoholic content, R.S. 26:271.

■ As we view the matter, neither of the statutes under which accused was purportedly charged requires the State to allege or prove that the drinks solicited or accepted by the "B Girls" are of high alcoholic content or of low alcoholic content. In other words, the statutes are concerned with the solicitation of *drinks,* whatever the substance or kind of the drinks may be.

If this were not so, the statutes could be circumvented by serving the "B Girls" soft or non-alcoholic drinks.

Under the bills of exception reserved, counsel for the accused contends in this court that there was no evidence establishing proof of the corpus delicti since there was a total lack of evidence of an essential element of the offense charged, that is, that the "B Girl" received any remuneration whatever for the alleged "B drinking", and contends that there was no evidence adduced that the alleged drinks solicited were of high or of low alcoholic content. We have answered this second contention just above. In reference to the first, the testimony adduced discloses that there was some evidence, although circumstantial in nature, that the "B Girl" here involved received remuneration for the alleged "B drinking". However, in view of the conclusion that we have reached, it would serve no useful purpose to discuss the evidence on this point. Moreover, we are not concerned with the sufficiency thereof.

■ Although the bills relied on by appellant are without merit, we think there is an error patent on the face of the record which entitles her to a reversal of this conviction, and it is our duty to notice this error ex proprio motu.

In State v. Jordy, 161 La. 104, 108 So. 229, this court stated: "* * * In a

criminal case, this court may notice of its own motion an error patent on the face of the record, as for instance, that the indictment charges no offense. * * *" Again, in State v. Guillot, 200 La. 935, 946, 9 So.2d 235, we said: "* * * But this court may, on its own motion, notice an error patent on the face of the record such as in the following matters: * * * that the indictment charges no offense * * *." In State v. Croal, 198 La. 820, 5 So.2d 16, in holding an information null and void on its face the court said: "* * * In fact it is the *duty* of the court to pay attention to such a nullity or defect ex proprio motu. * * *" (Italics ours.) Again, in State v. Toney, 205 La. 451, 17 So.2d 624, we said: "* * * As a matter of fact, this court is charged with noticing ex proprio motu such nullities or defects as may be apparent on the face of the record. * * *"

Let us now consider the two statutes here involved. To constitute a violation of R.S. 26:88 the prohibited act must be done by a "person holding a retail dealer's permit" or by the "agent, associate, employee, representative, or servant" of such person. Likewise, under R.S. 26:285 the prohibited act must be done by a "person holding a retail dealer's permit" or by a "servant, agent, or employee of the permittee".

In neither count of the information filed under these statutes is the defend-

ant Molly Daye alleged to be the holder of a retail dealer's permit or to be the agent, associate, employee, representative, or servant of the permittee. It is therefore apparent that neither count charges an offense under either one of these statutes, for it is well settled that an indictment or information must state every fact and circumstance necessary to constitute the offense. R.S. 15:227. As said in State v. Toney, supra, "It is elementary that the only crimes in this state are statutory and that every fact that forms an essential element of the crime intended to be charged must be alleged with certainty and precision in the accusation, nothing being left to intendment or conjecture. The omission of any essential element of the crime renders the accusation invalid, whether it was brought by indictment, information, or affidavit. State v. Thibodeaux, 136 La. 935, 67 So. 973; State v. Doremus, 137 La. 266, 68 So. 605; State v. Barnette, 138 La. 693, 70 So. 614; State v. Atkins, 142 La. 862, 77 So. 771; State v. Jacobs, 145 La. 898, 83 So. 183; and State v. Halaby, 148 La. 553, 87 So. 270."

It is therefore our conclusion that the conviction and sentence in this case are founded upon an information which is fatally defective and must be set aside, and that the defendant cannot be prosecuted under this particular bill of information.

For the reasons assigned it is ordered that the verdict and sentence appealed from

be annulled and set aside, and that the defendant be discharged.

HAMITER, Justice (concurring in part and dissenting in part).

I fully agree that the bills of exceptions relied on by the appellant are without merit.

However, I cannot subscribe to the conclusion that the bill of information forming the basis of this prosecution is fatally defective. It specifically alleges that the defendant did "* * * wilfully and unlawfully *employ and permit* * * * 'B' girls to frequent the *licensed premises* No. 1428 Canal Street, known as the French Casino, and solicit patrons for drinks * * and to receive therefor a commission or remuneration * * *." These allegations, I think, amply show that the accused either was the holder of a permit to sell alcoholic beverages or was an agent, associate, employee, representative, or servant of a permittee. Certainly, in no other capacity could she have *employed and permitted* the "B" girls to solicit for drinks, and under the terms of the statutes it is immaterial in which of those capacities she acted. (Italics mine.)

Incidentally, if it had been important that defendant be informed as to her particular status at the time in question the information could have been obtained through an appropriate motion. But such was not sought.