176 So.2d 620

**STATE of Louisiana**

**v.**

**Alfred CLOUD, Jr., and J. B. Wells.**

**STATE of Louisiana**

**v.**

**James B. WELLS.**

Nos. 47643, 47644.

July 2, 1965.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Louis H. Padgett, Jr., Dist. Atty., for appellant.

Booth, Lockard, Jack, Pleasant & LeSage, by Harry V. Booth and H. F. Sockrider, Jr., Shreveport, Campbell, Campbell & Marvin, by John T. Campbell, Minden, for appellees.

SUMMERS, Justice.

Defendants Alfred Cloud, Jr., and James B. Wells were charged by grand jury indictment with criminal conspiracy to commit the crime of extortion. Defendant Wells was charged in a second indictment with the crime of extortion. The cases are consolidated in this court because they present the same question for our consideration.

Defendants filed motions to quash the indictments based on the contention that Article 66 of the Criminal Code (R.S. 14:66) is unconstitutionally vague in its use of the terms "any acquittance, advantage, or immunity of any description." On the date assigned for arguments on the motions to quash, defendants filed demurrers claiming the indictments charged no crimes.

The trial judge ruled that R.S. 14:66 is unconstitutional, sustained the motions to quash and ordered the discharge of defendants. He did not rule on the demurrers.

The State has perfected this appeal from the ruling of unconstitutionality.

R.S. 14:66 provides:

"Extortion is the communication of threats to another with the intention thereby to obtain anything of value or any acquittance, advantage, or immunity of any description. The following kinds of threats shall be sufficient to constitute extortion:

"(1) A threat to do any unlawful injury to the person or property of the individual threatened or of any member of his family or of any other person held dear to him;

"(2) A threat to accuse the individual threatened or any member of his family or any other person held dear to him of any crime;

"(3) A threat to expose or impute any deformity or disgrace to the individual threatened or to any member of his family or to any other person held dear to him;

"(4) A threat to expose any secret affecting the individual threatened or any member of his family or any other person held dear to him;

"(5) A threat to do any other harm.

"Whoever commits the crime of extortion shall be imprisoned at hard labor for not less than one nor more than fifteen years."

Defendants argue that the district judge is correct in ruling that the above statute is unconstitutional because the words "any acquittance, advantage, or immunity of any description" are so vague and uncertain that (1) the persons accused are not informed of the nature and cause of the accusation against them (La.Const. of 1921 art. 1, § 10); (2) they are deprived of liberty without due process of law (U.S. Const. amend. XIV, § 1; La.Const. of 1921 art. 1, § 2); and (3) they are deprived of the benefits of a democratic government because the judiciary has to define the crime of extortion when this power belongs to the legislative branch (La.Const. of 1921 art. 2, §§ 1 and 2, and art. 3, § 1).

■ Our jurisprudence has made it clear that no one in this State can be held accountable, or subjected to criminal prosecution, for any act done by him unless and until that act has been denounced as a crime, and has been made punishable in a statute that defines the act outlawed with such precision that the person sought to be held accountable will know that his conduct falls within the scope of the prohibition. State v. Murtes, 232 La. 486, 94 So.2d 446 (1957); State v. Vallery, 212 La. 1095, 34 So.2d 329 (1948). Particularly vulnerable to constitutional attack are statutes in which the language employed is of vague and indefinite import. State v. Bonanno, 245 La. 1117, 163 So.2d 72 (1964); State v. Vanicor, 239 La. 357, 118 So.2d 438 (1960); State v. Truby, 211 La. 178, 29 So.2d 758 (1947).

■ However, this does not mean that a criminal statute, to be constitutionally valid, must define each and every way in which a particular crime can be committed; the law may be couched in general terms. State v. Varnado, 208 La. 319, 23 So.2d 106 (1945). All that is required is that the crucial words and phrases in the criminal statute have a fixed and definite meaning for a person of ordinary intelligence. State v. Deutch, 245 La. 819, 161 So.2d 730 (1964); State v. Hightower, 238 La. 876, 116 So.2d 699 (1959); State v. Marsh, 233 La. 388, 96 So.2d 643 (1957).

At issue, then, is whether or not the words "any acquittance, advantage, or immunity of any description" have a fixed

and definite meaning for a person of ordinary intelligence.

■ A perusal of the cited extortion statute will readily disclose that the crime consists of conduct whereby a threat is communicated to another. This conduct, however, must be coupled with the intent of obtaining anything of value *or* any acquittance, advantage, or immunity of any description. The term "acquittance" is commonly understood to mean a discharge, payment, satisfaction or receipt; the word "advantage" means gain, benefit, profit, superiority or favored position; the noun "immunity" means freedom or exemption from penalty, burden, duty or evil. Black's Law Dictionary, Deluxe Fourth Edition (1957); Webster's Third New International Dictionary, Third Edition (1961). Viewed in the context of their ordinary meanings, the words are not extremely difficult to comprehend. They offer proper guidelines to persons of ordinary intelligence as to what conduct is extortion. This is all that our law requires. We must conclude, therefore, that R.S. 14:66 is constitutional.

■ Defendants have urged us to consider the demurrers, which are part of the records, alleging that the indictments charge no crimes. Although there are many cases in which we noted defective indictments or bills of information ex proprio motu,[1] those cases involved situations where defendants were appealing from convictions and sentences. In the instant case, the State has appealed from the ruling of the trial judge declaring R.S. 14:66 unconstitutional. This is the only issue before us.

In State v. Deutch, 245 La. 819, 161 So. 2d 730, 737 (1964), the State appealed the ruling of the trial court sustaining a motion to quash the bill of information on the ground that R.S. 51:194 was unconstitutional. We reversed this ruling. Although defendants in that case had filed an amended motion to quash attacking the sufficiency of the bill of information in that it charged no crime *and the trial judge had ruled on it,* we refused to consider the amended motion to quash, saying:

"The trial judge held that the bill of information herein filed does state an offense within the statute; *the sufficiency of the bill of information is not presently before us, and the trial judge's ruling on the sufficiency of the bill of information itself can be reviewed in the event of a conviction.*" (Emphasis added.)

---

1. State v. Daye, 243 La. 725, 146 So.2d 786 (1962); State v. Toney, 205 La. 451, 17 So.2d 624 (1944); State v. Guillot, 200 La. 935, 9 So.2d 235 (1942); State v. Croal, 198 La. 820, 5 So.2d 16 (1941); State v. Melson, 161 La. 423, 108 So. 794 (1926); State v. Jordy, 161 La. 104, 108 So. 229 (1926).

For the reasons assigned, the judgments of the trial court sustaining the motions to quash the indictments because of their unconstitutionality are reversed and set aside. It is now ordered that the cases be remanded for further proceedings consistent with the views expressed herein.

177 So.2d 112