250 So.2d 740 (1971)
259 La. 560
STATE of Louisiana
v.
Leon Harold BUTLER.
No. 51026.
Supreme Court of Louisiana.
June 28, 1971.
Dissenting Opinion July 7, 1971.
Rehearing Denied August 12, 1971.
Percy, Macmurdo, Gray & Eaton, Edward W. Gray, Baton Rouge, for defendant-appellant.
*741 Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
McCALEB, Chief Justice.
Leon Harold Butler was tried by a jury and convicted of the crime of aggravated arson. He was sentenced to serve ten years in the State penitentiary at hard labor. On this appeal the accused is relying on twenty-six bills of exceptions to obtain a reversal of the conviction.
The minutes of the proceedings below as well as other portions of the record unmistakably disclosed that the defendant was tried on a charge of aggravated arson. However, in our examination of the record following submission of the case, we have found that at some time prior to the lodging of the record in this Court the bill of information had been amended, apparently with the intention of reducing the charge to simple arson. This had not theretofore been called to our attention and the official minutes of this trial make no mention of the amendment.
The following is a copy of the bill of information as it appears in the record filed here:

*742 * * * * * * * *
Only Butler was tried, although we find no reference in the minutes to a severance having been obtained.
Because of the apparent conflict between the information and the proceedings conducted in connection therewith, we notified counsel for the defendant and for the State of the discrepancy requesting that they file a brief as to its effect. Additionally, inasmuch as we had observed possible defects in the bill of information, either as originally drawn, or as amended, which were not discussed in any brief or in oral argument, we instructed counsel to consider and brief its sufficiency.[1]
In response to such instructions defense counsel has informed us that he had no knowledge of the amendment to the bill of information and only became aware of it when he received notice of it by the Court. He further states that his only information concerning the change is what has been told to him by the Assistant District Attorney, who tried the case and argued it on the appeal.
With reference to the sufficiency of the bill of information, defense counsel argues that it is fatally defective in that it fails to allege the foreseeability of danger to human life by the charged act of setting fire to the business establishment located at 7890 Scenic Highway.
In his supplemental brief, the Assistant District Attorney states that the amendment was made in the bill of information December 19, 1969, following Butler's conviction (on June 12, 1969) and after he had taken this appeal (June 26, 1969). He explains that the amendment was made in connection with the charge against Eddie Turner who had not yet been tried. And he contends that, therefore, the amendment made at that time is of no consequence, because it could not possibly have prejudiced the accused.
Of course the information regarding the date of amendment, being merely statements in a brief, forms no part of the record before us on this appeal. Therefore, a serious question arises as to whether we can affirm the conviction on the record as it now stands.
However, because of our conclusion that the bill of information itself, as originally drawn, was fatally defective (as we will hereafter show), we pretermit the question presented by the condition of the bill of information, and assume the view most favorable to the State, that is, that the accused was tried on the original bill of information before it was amended; that we can take notice of such fact, and that the subsequent deletions and changes in the bill of information, prior to its being incorporated into the record of this appeal, does not require a reversal of the conviction.
Article 464 of the Code of Criminal Procedure provides that: "The indictment [or information] shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. * * *"
R.S. 14:51 defines aggravated arson as the "intentional damaging by any explosive substance or the setting fire to any structure, watercraft, or movable, wherein it is foreseeable that human life might be endangered."
With regard to the sufficiency of the bill of information, no reference is made in the prosecution's supplemental brief as to *743 whether it is essential to charge that it is foreseeable to the accused, at the time he fires the structure, that human life might be endangered. To the contrary, it is asserted merely that the information "literally and factually tracks the definition of the crime charged under R.S. 14:51." Patently, it does not.
It is also submitted that the bill of information is sufficient because Article 465 C.Cr.P. permits a charge of arson (aggravated or simple) to be made under the "short form". However, the prosecutor elected not to use the short form in the instant matter and, having failed to do so, he was required to adhere strictly to the provisions of the statute. State v. Pinsonat, 188 La. 334, 177 So. 67 (1937); and State v. Chanet, 209 La. 410, 24 So.2d 670 (1946). Consequently, it was necessary that the information contain all of the essential facts constituting the crime of aggravated arson.
In our opinion, the information under consideration falls short of that requirement by its failure to allege the foreseeability of endangering human life by the setting fire to the building involved. It is not enough to allege merely that human life was, in fact, endangered. The foreseeability or anticipation by the accused of that circumstance constitutes the gravamen of the offense.[2] Indeed, it might be analogized to the necessity for alleging a special intent in those crimes when that is an element of the offense.
In State v. Bonfanti, 254 La. 877, 227 So.2d 916 (1969), we reviewed the earlier statutes dealing with arson, and similar offenses. It was pointed out that under the common law the crime of arson was limited to the burning of dwelling houses, and that although our early statutes contemplated the burning of certain public and private buildings other than dwellings, as well as structures in which human beings usually stayed or resided, the penalty for the latter was greater than that for the former. Later statutes denounced the burning of all types of structures, etc., "on which human beings are customarily to be found." The Court concluded that with the enactment of R.S. 14:51 (aggravated arson) and R.S. 14:52 (simple arson), which encompassed all prior legislation "* * * it [R.S. 14:51] was intended to include the burning or blowing up of property when the actor foresees or anticipates the then presence of persons at the site, or in such close proximity thereto, so that their lives might be endangered by the act." (Emphasis added) It was further observed that "The essence of aggravated arson as defined in R.S. 14:51, as well as the former legislation dealing with the greater grade of arson, is the foreseeability of danger to human life."
We are aware that the language in the Bonfanti case was not used in exactly the same frame of reference as here. Nevertheless, it states the inescapable conclusion that the fact of foreseeability or anticipation of danger to human life is an essential element of the crime, and that consequently it must be alleged in the indictment or information in order to comply with the mandate prescribed by Section 10 of Article I of the Louisiana Constitution, that the accused shall be informed of the nature and cause of the accusation against him. The failure of the State to make the allegation herein constitutes a fatal defect and renders the bill of information invalid.[3]
*744 Inasmuch as the conviction of the accused was founded upon a fatally defective bill of information, it cannot stand. Having reached this conclusion, it is unnecessary for us to consider the bills of exceptions.
For the reasons assigned the conviction and sentence are reversed and the defendant is ordered discharged.
HAMLIN, SANDERS, and BARHAM, JJ., dissents with written reasons.
HAMLIN, Justice (dissenting):
It is my view that the defendant was tried and convicted upon the Bill of Information as worded in printing and typewriting, before the erroneous amendment in handwriting was made.
It is my further view that the words, "whereby human life was endangered," when considered with the word, "intentionally," (which was charged in the information) encompass "foreseeability," and that "foreseeability" is a matter of evidence. The evidence must show "foreseeability." Apparently the jury believed that the evidence did so.
I respectfully dissent.
BARHAM, Justice (dissenting).
I must respectfully dissent from the court's quashing of the bill of information. I am, however, of the opinion that, as shown by several bills of exception, inflammatory and highly prejudicial evidence was admitted which was totally irrelevant and totally inadmissible, and that this constitutes reversible error.
I disagree with the majority's holding that the bill of information was fatally defective. The majority under this holding has returned to the requirement that the crime must be charged "in the language of the statute". The articles of our present Code of Criminal Procedure dealing with indictment were designed to put at rest once and for all this court's erroneous holdings under Article 227 of our 1928 Code of Criminal Procedure. Comment (b) under our present Article 464 states: "* * * Further, this article makes no provision with respect to the indictment following the language of the statute, and thus eliminates a provision that created uncertainty under Art. 227 of the 1928 Code."
The offense for which the defendant was tried, aggravated arson, is defined by R.S. 14:51 as follows:
"Aggravated arson is the intentional damaging by any explosive substance of the setting fire to any structure, water craft, or movable, whereby it is foreseeable that human life might be endangered. * * *"
R.S. 14:2 says that "`Foreseeable' refers to that which ordinarily would be anticipated by a human being of average reasonable intelligence and perception".
The information charges that the defendant and another named person "did violate R.S. 14:51 in that they intentionally damaged a structure known as Scenic Highway Lumber Company, located at 7890 Scenic Highway, Baton Rouge, Louisiana, the property of another by setting fire to said structure, whereby human life was endangered. * * *"
After stating that the information is defective for lack of alleging "foreseeability" as opposed to alleging that human life was *745 in fact in danger, the majority makes the following statement which is the error of its determination:
"* * * The foreseeability or anticipation by the accused of that circumstance constitutes the gravamen of the offense. Indeed, it might be analogized to the necessity for alleging a special intent in those crimes when that is an element of the offense." (Emphasis here and elsewhere has been supplied.)
First, foreseeability is not to be determined by a subjective test. Foreseeability is determined by the objective "reasonable man" test. Foreseeability, then, is not comparable to specific intent; rather it is comparable to general intent. Specific criminal intent is determined by the subjective test of what was in the mind of the offender. General intent is ascertained by the objective test that ordinary human experience would have dictated under the circumstances that the criminal consequences would be a natural result of the act. It is not necessary to allege general intent in a bill of information, although it is necessary to allege specific intent when it is an ingredient of the crime charged. Code of Criminal Procedure Article 472 states: "In offenses requiring only general criminal intent, the indictment need not allege that the act was intentionally done." Comment (a) states in part: "* * * In short, the normal mens rea of general criminal intent need not be specifically stated. On the other hand, some offenses require a specific intent or knowledge, or predicate liability on criminal negligence. In charging these offenses, the indictment, following the general rule of Art. 464, must state the special mental element of the crime."
Just as the lack of general criminal intent is a defense to crimes where only general intent is required, lack of foreseeability is a defense where it is an element of the crime. This does not mean that the indictment must allege foreseeability. Foreseeability is not contemplated as an essential fact constituting the offense under Code of Criminal Procedure Article 464.
I regret that holding here, more for what it may portend, and that is that this court will retrogress to the rule requiring compliance with technicalities in indictments even to the point of tracking the exact language of the statute. The defendant here was adequately informed of the offense charged and of the gravity of that offense. The facts which gave rise to the charge are alleged, the law violated is sufficiently stated, and the statute violated is cited.
I respectfully dissent from the ruling quashing the bill of information. I would annul the conviction and sentence for reversible error on the trial and remand for a new trial.
SANDERS, Justice (dissenting).
In this case, the majority upsets the defendant's conviction of aggravated arson because of the insufficiency of the Bill of Information by which he was charged. I disagree.
The handwritten interlineations raise no substantial question. They were added after the trial of the present defendant. Moreover, after a Bill of Information has been officially filed, no change in its language can have legal effect unless the amendment is authorized by the Court. See LSA-C.Cr.P. Art. 487.
The Bill of Information in the present case charged that defendant Butler and a co-defendant on April 8, 1968, "did violate R.S. 14:51 in that they intentionally damaged a structure known as Scenic Highway Lumber Company, located at 7890 Scenic Highway, Baton Rouge, Louisiana, by setting fire to said structure, whereby human life was endangered. * * *"
Concededly, under Article 465 of the Louisiana Code of Criminal Procedure, the *746 following charge would have been legally sufficient:
Leon Harold Butler committed aggravated arson of a structure known as Scenic Highway Lumber Company.[1]
If the foregoing charge is sufficient, how can it be said that the present charge is fatally defective? The words "did violate R.S. 14:51" are synonymous with the words "did commit aggravated arson." The structure is then clearly identified. Additional language is included to show that the arson was committed by setting fire to the structure and that human life was endangered. But the inclusion of these additional facts does not vitiate the indictment. Article 465 LSA-C.Cr.P., provides:
"The indictment, in addition to the necessary averments of the appropriate specific form hereinbefore set forth, may also include a statement of additional facts pertaining to the offense charged. If this is done it shall not affect the sufficiency of the specific indictment form authorized by this article."
Aggravated arson has a well-understood meaning. See Comment (b), Art. 465, LSA-C.Cr.P. Foreseeability, like general intent, need not be alleged. Its absence, of course, is a defense. Moreover, the charge in the present case embodies all elements of the short form plus additional facts. The Bill of Information fully informs the defendant of the nature and cause of the accusation against him. See La.Const.Art. 1, Sect. 10. It provides an adequate basis for evidentiary rulings by the court, a plea of former jeopardy, and an intelligent defense. See State v. Barksdale, 247 La. 198, 170 So.2d 374, cert. denied 382 U.S. 921, 86 S.Ct. 297, 15 L.Ed.2d 236; State v. Scheler, 243 La. 443, 144 So.2d 389. A motion for a bill of particulars was available to the defendant if he desired the details of the offense.
In my opinion, the decision is based upon what must be described as a flimsy technicality. In fact, the defendant made no complaint in the trial court or in this Court that the charge was inadequate. Technical decisions of this kind in criminal cases have contributed to the tragic loss of public confidence in the courts. This case afforded a good opportunity to free ourselves from the bondage of technicality and to advance a rule of reason in criminal justice. We have failed to do so.
For the reasons assigned, I respectfully dissent.
NOTES
[1] The bill of information is the foundation of the prosecution. State v. Harrell, 228 La. 434, 82 So.2d 701 (1955). Consequently, if it is fatally defective, a conviction obtained thereunder cannot stand. And such error, if it exists, is one patent on the face of the record which should be noted by us ex proprio motu. See State v. Daye, 243 La. 725, 146 So.2d 786 (1962) and the numerous cases cited therein. Indeed, it was said in State v. Croal, 198 La. 820, 5 So.2d 16 (1941), that "it is the duty of the court to pay attention to such a nullity or defect ex proprio motu * * *." (Emphasis added) See also Art. 920(2) C.Cr.P.
[2] R.S. 14:2 defines "Foreseeable" as "* * * that which ordinarily would be anticipated by a human being of average reasonable intelligence and perception."
[3] It might be observed that Article 464 C.Cr.P. has effected (among other things not pertinent here) a change in its predecessor, former Article 227, which had provided that the indictment or information "must state every fact and circumstance necessary to constitute the offense." The new article requires only that the indictment or information shall contain a concise statement of the "essential facts constituting the offense charged."

This change, we think, insofar as its relevance to this case is concerned, relieves the State, when charging arson in the long form, from setting forth in a bill of information for aggravated arson all of the circumstances relied on by it (or which it expects to prove) to establish the foreseeability of danger to human life. This may have been necessary under the old article. But it does not exempt the State from alleging the fact of foreseeability of such danger which, as we have said, is the gravamen of the offense and which must be proven as an essential element of the crime.
[1] The short form merely provides: "A. B. Committed aggravated arson of a [structure]." Art. 465, LSA-C.Cr.P.