PER CURIAM.
Defendants, Kimberly Bishop, Lynn Lewis, Tonya Baker and Sue Gamble, were charged with violations of the Alcoholic Beverage Control Law, La.R.S. 26:88(8), which, in pertinent part, provides:
“No person holding a retail dealer’s permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:
« * * *
“(8) Employ or permit females, commonly known as B girls, to solicit patrons for drinks and to accept drinks from patrons and receive therefor any commission or remuneration in any other way.”
The bills of information recited that each defendant, “as an employee of Black Knight Lounge, did solicit patrons for drinks and accept drinks from patrons and receive remuneration therefor on the licensed premises . . The defendants unsuccessfully moved to quash the bills in the trial court. We granted writs. The bills of information do not charge defendants with a crime known to the law of Louisiana. The pertinent statute, La. R.S. 26:88(8), condemns employment of B girls, or the granting of permission to them, to solicit and accept drinks for commission on a licensed premises. The bills of information merely charge defendants with acting as B girls, i. e., soliciting and accepting drinks for pay, and do not charge them with employing or permitting B girls to ply their trade. See, State v. Daye, 243 La. 725, 146 So.2d 786 (1962).
The judgment of the district court is vacated. Defendants’ motion to quash is granted.